The charge of the court upon the facts is not given in the case. The presumption, therefore, is that the questions of fact were fairly and properly submitted to the jury.
The evidence was conflicting upon the principal fact involved and the jury were warranted in finding for the defendant, and their decision is conclusive. Nor is there any reviewable question presented arising out of the decision of the court prohibiting the plaintiff's counsel from commenting upon the circumstances that the defendant omitted to call the station agent at Palatine Bridge, where the plaintiff alleged that he purchased his ticket. The disposition of such incidental questions arising during the progress of a trial, in general rest in the discretion of the court with which appellate courts will not interfere, but it is sufficient to say, as to this point, that no exception was taken.
There are two exceptions taken to the admission of evidence which are properly presented for our consideration: The first, in permitting the conductor to state that he honestly believed that the plaintiff had not surrendered a ticket entitling him to be carried to Utica, and the other, in permitting the conductor to state that he believed it to be his duty to put the plaintiff off the cars if he did not pay his fare. This evidence was allowed upon the question of damages only. If it had appeared that the plaintiff's claim was limited to compensatory damages strictly, the evidence would not have been proper or material, *Page 103 
because if the plaintiff was unlawfully ejected from the cars, the good faith of the conductor would not be a defence, nor impair the right of the plaintiff to actual damages. There is nothing in the case to show that the plaintiff did not intend to claim punitive damages. The complaint claimed $6,000 damages, and the real injury was not very serious.
The counsel for the plaintiff contends that it was not a case where punitive damages could be legally allowed. The case, as claimed by the plaintiff, was somewhat aggravated. He claimed that he was kicked from the cars when the train was in motion, after he had surrendered a ticket entitling him to ride to Utica. It is not needful to determine the question definitely, but as the case was presented by the plaintiff, it was one where it is evident such a claim might be made, and, if so, the court was justified in admitting evidence relevant and proper upon that phase of the case. It is not disputed but that such evidence is proper upon the question of exemplary damages. (53 N.Y., 25; 35 id., 300; 6 id., 97.) In order to have presented the point of immateriality properly upon the question of compensatory damages, the counsel for the plaintiff, when this evidence was offered, should have disclaimed any claim for any further damages.
Another answer to these exceptions is, that the evidence could not have legally injured the plaintiff. The jury found against any cause of action, and therefore evidence, even though erroneously received upon the question of the amount of damages, could not have produced any injury. The counsel argued that though received upon the question of damages, it influenced the jury upon the merits. We cannot presume this, and there is nothing in the case to show it.
As these are the only errors alleged, the judgment must be affirmed.
All concur; ALLEN, J., taking no part.
Judgment affirmed. *Page 104