Landon, J.
The plaintiff recovered-$1700, in an action of assault and battery. The defendant acted with desperate violence, but his defence is, that his life was in danger from the assaults of the plaintiff and others and that he acted in his proper self-defence. . The main question here is, whether he was prejudiced by the exclusion of evidence which he offered to sustain his defence, and in mitigation of damages.
There had been a bee at one Horrigan’s, which these parties and about fifteen others attended, and at which they remained until ten o’clock at night.
*111 The evidence on the part of the plaintiff tended to show, that the plaintiff was in a room apart from the kitchen of the house, that while he was thus apart a fight occurred in the kitchen, first between James Shehan and the defendant, James Shehan being the aggressor; that Matthew Shehan and Denis Dwyer joined James against the defendant; that one after another assailed the defendant with great violence, and that the defendant stabbed James Shehan. The plaintiff was the brother-in-law of James Shehan. After James Shehan was stabbed there was a lull in the conflict and witnesses on the part of the plaintiff speak of it as being over. Horrigan then called to the plaintiff “ to come out and make peace.” He came out into the kitchen, James Shehan was disabled ; the defendant was standing quietly against the wall; Matthew Shehan near him, and Denis Dwyer present, but in what attitude towards defendant does not clearly appear. The plaintiff testifies that he first caught hold of Matthew Shehan, twisted him around, told him to be quiet, then without speaking to defendant he laid his hand upon his shoulder and instantly the defendant stabbed him with a knife.
The defendant’s theory was that the three persons who first assailed him, and the plaintiff had conspired to beat him and did do it in pursuance of their conspiracy with such violence as threatened his life.
He called one McGinley as a witness who testified that the plaintiff said to the defendant, “ By-you will take it to-night.” That plain tiff kicked defendant two or three times; Denis Dwyer drew a chair to strike him; that James Shehan four or five minutes before that struck the defendant. He was then asked how many times James Shehan struck the defendant. This was objected to as immaterial and the objection sustained. He was then asked whether James was a strong man and to this the like objection was sustained. The defendant then offered to show that within two or three minutes before plaintiff attacked him he was attacked by James Shehan, who was a powerful man, and the same objection was interposed and sustained.
It is sought to sustain this exclusion of evidence upon the ground that the affray between James Shehan and the defendant was ended. But it is not clear as a matter of fact that the affray was over; James Shehan, it is true, was disabled, but the defendant was still at bay against the wall, confronted by Matthew Shehan with Denis Dwyer at hand. Two or three minutes is not a long time, and when the plaintiff volunteered to take part, according to the testimony of McGinley, he renewed the conflict against the defendant. He claims he came as a peace-maker, but upon his own testimony, he set about restoring peace by the use of force, and it was natural that the defendant should estimate his motives by his action, and his relations to James *112 Sbeban, and by tbe violence which he had already suffered or repelled.
Upon the defendant’s evidence, the plaintiff apparently took up the fight where James Shehan had been compelled to abandon it, and if he was a wrongful volunteer and aggressor, the defendant certainly was entitled to an account of the whole contest up to the point where the plaintiff apparently renewed it. The defendant is to be judged in the light of the situation as it stood when the plaintiff accepted it, and we cannot know how it stood without knowing what had already occurred.
The defendant was also entitled to prove his belief as to his danger at the time the plaintiff assaulted Mm. His belief or good faith was competent evidence in mitigation of exemplary damages, unless the plaintiff disclaimed any other than compensatory damages. Yates v. N. Y. C. R. R. Co., 67 N. Y., 100; Wharton Crim. Ev. § 459.
The defendant failed to establish the conspiracy to assault him, but there was evidence tending to show that after the fight was begun by James Shehan, the other parties arrayed themselves against the defendant. He became desperate, but he was entitled to show that his desperation was the natural consequence of the injuries done, and apparently threatened him. The verdict was not large, regard being had to the injuries he inflicted upon the plaintiff, but if the defendant’s version of the case was true, he was only liable for excessive force, and excessive force implies that some force is lawful. Elliott v. Brown, 2 Wend, 497; Brown v. Gordon, 1 Mass., 1821.
The defendant was entitled to a full version of the whole affray. Upon the question of exemplary damages, he was entitled to have his conduct considered in the light of the-danger in which' he was apparently placed, and especially so when the plaintiff’s conduct apparently increased his danger
Judgment reversed, new trial granted, costs to abide event.
LeauNED, P. J; and Bocees, J., concur.