contracts, debts, and engagements of the corporation. Each stockholder's individual liability is for his equal proportion of all contracts, debts, and engagements of the corporation, to the extent of the amount of his stock, at the par value thereof. Interest upon these contracts, debts, and engagements runs until their total amount is ascertained and liquidated, and the ratable apportionment thereupon made. This interest thus helps to make up the total sum to be apportioned, and the stockholder's liability is for his share of this total sum, to the extent of the amount of his stock at its par value. But, while interest thus enters into the process of ascertainment, it does not into the statutory limitation. The stockholder cannot, upon any pretext or principle, be made to pay a dollar more than the amount of his stock at its par value. That is his sole liability. That general liability is one thing; his precise duty, another. The liability is for an equal proportion of the debts, but the duty to pay the equal proportion only arises when the apportioned sum has been ascertained and liquidated. At that point interest undoubtedly begins to run against the stockholder upon the entire amount of his stock, at its par value, if the apportioned sum has reached that "extent"; upon a lesser sum, if it has not. Primarily, however, the stockholder is liable only to the extent of the par value of his stock, not to the extent of that par value plus interest from any date. When the amount to be paid has been ascertained, then, of course, the extent of the liability becomes fixed, and interest runs from that date as upon an ordinary judgment. The other questions discussed by counsel were correctly decided below, and they call for no special consideration. The judgment appealed from should be modified by striking out the provision which charged the defendants with interest from the commencement of the action, and, as modified, affirmed, with costs to abide the final result.

Judgment modified as directed in opinion, and, as modified, affirmed, with costs to abide event. All concur.

---

### EDDY v. SYRACUSE RAPID-TRANSIT RY. CO.

(Supreme Court, Appellate Division, Fourth Department. March 21, 1900.)

1. STREET RAILROADS—TRANSFERS—EJECTMENT OF PASSENGER—TORT.
    Where plaintiff was ejected from one of defendant's cars, and accused of having picked up his transfer in the street, because the conductor who issued it had punched it to read 2:40 p. m. instead of 3:40 p. m., by mistake, plaintiff was entitled to sue in tort for damages for the expulsion, and the humiliation and injury to his feelings caused by the insulting remarks of the conductor, and was not limited to an action for the breach of his contract for transportation.

2. SAME—NONFORCIBLE EXPULSION.
    That plaintiff left one of the defendant's cars in the middle of the block, at the command of the conductor, without waiting to be forcibly expelled, did not prevent him from suing for being wrongfully expelled.

3. SAME—EXEMPLARY DAMAGES.
    Where plaintiff was put off of one of the defendant's street cars, in the mud, at the middle of the block, and accused of having picked up his

transfer in the street, because the conductor who issued it had erroneous-
ly punched it to read 2:30 p. m. instead of 3:30 p. m., he was not entitled
to recover exemplary damages.

Appeal from Onondaga county court.

Action by Hiram Eddy against the Syracuse Rapid-Transit Rail-
way Company. From a judgment in favor of plaintiff, and from
an order denying a new trial on the minutes, defendant appeals.
Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-
LIAMS, and LAUGHLIN, JJ.

C. E. Spencer, for appellant.
Frank W. Talbott, for respondent.

LAUGHLIN, J. The plaintiff was a passenger on one of the de-
fendant's cars on its Salina street line, going southerly, on the after-
noon of March 4, 1899. After paying his fare, the plaintiff requested
of the conductor a transfer to the West Genesee street line. It was
then about half past 3 o'clock in the afternoon. Under the de-
fendant's rules and regulations, it was the duty of the conductor to
indicate upon the transfer check, by punch marks, that it had been
punched at 3:40 p. m., but by mistake he punched 2:40 p. m. instead,
and delivered it to the plaintiff, who, without discovering the mis-
take, alighted at the junction, and within five minutes thereafter
boarded the first car passing for which the transfer was intended.
After riding a short distance in this car, the plaintiff presented the
transfer to the conductor, who declined to accept it, on the ground
that it appeared to have been issued an hour before. The plaintiff
informed the conductor that he had received the transfer within
five minutes. The following condition was printed upon the face of
the transfer: "Good only at transfer junction on first connecting
car after time canceled on the line punched, subject to the rules of
this company." The conductor stated that he was not at liberty,
under the rules of the company, to accept the transfer, and the
plaintiff testified that he understood that such was the fact. The
rules of the company introduced in evidence required the conductors
to honor transfers when in doubt as to whether the time for using
the transfer has expired, but, when positive that the transfer has
expired, to decline it. No rule applicable to a case where the con-
ductor giving the transfer punches it erroneously seems to have been
made for the guidance of the conductors to whom the transfers are
presented. The plaintiff had sufficient money to pay his fare again,
but declined to do so, on the ground that he had already paid it.
The conductor then said that the plaintiff must either pay fare or
get off the car. On the plaintiff declining to do either, the con-
ductor remarked, "I presume you picked up the transfer on the
street;" to which the plaintiff replied, "I want you to understand,
sir, I am not picking up transfers on the street; I have five cents
to pay my fare, if I wish to do so." After the conductor again said
to the plaintiff twice, "You must pay your fare or get off the car,"
the plaintiff inquired, "Do you say for me to get off the car?" to
which the conductor responded, "That is my order." The plaintiff

a second time asked, "Do you say for me to get off this car?" and the conductor replied, "Yes; get off this car or pay your fare;" and the plaintiff said, "I shall not pay my fare again." The conductor then said to the plaintiff, "Get off this car;" and stopped the car in the middle of a block, where the mud was from three to five inches deep, whereupon the plaintiff alighted from the car. These facts were testified to by the plaintiff, and not contradicted, although the conductor who gave the transfer and the conductor to whom it was presented were sworn as witnesses. The plaintiff did not examine the transfer, but he testified that he could not understand the punch marks or figures, even when explained by the conductor who refused to receive it. The court instructed the jury, in effect, that the plaintiff was entitled to continue his journey on this car without paying additional fare, and that for his wrongful ejectment the defendant was liable. The defendant excepted, and, contending that the company is liable only on contract, challenges the correctness of this charge.

The plaintiff had received the transfer from the conductor of the other car only a few minutes before, and he took the first car on which the transfer, if properly punched, would have entitled him to ride. It is not seriously contended that the plaintiff was negligent in not discovering the error of the conductor in punching the transfer, and it could not be said as matter of law, on these facts, that he should have discovered such error. Isaacson v. Railroad Co., 94 N. Y. 278.

It may be assumed, the case having been tried on that theory by both parties, although it was not specifically shown, that the defendant owned or operated the line to which the conductor gave the transfer. The passenger had a legal right, upon paying his fare, to a transfer that would entitle him to ride on the car from which he was ejected. Street-railroad companies should be permitted to make and enforce all reasonable rules, with respect to the use of transfers, that may be necessary to protect them against imposition and are consistent with the rights of the public. The rule limiting the use of the transfer to the next car is proper, if there be room on such car for the passenger to ride with reasonable comfort and safety. The rule with respect to the punching of transfers is reasonable if due precautions be taken to insure its observance and application in such a manner as to protect a passenger under circumstances such as are disclosed by this record. To hold that the plaintiff's only remedy is an action for breach of the contract for transportation might encourage the employment of negligent or incompetent conductors, to the serious annoyance and inconvenience of the traveling public, and would not afford passengers reasonable protection or security in their rights.

If the plaintiff entered the car believing that his transfer was valid, and was not negligent in failing to discover that it had been punched erroneously, he was there lawfully, and is entitled to recover compensatory damages, including the indignity, the humiliation, and injury to his feelings caused by the remarks of the conductor, and his wrongful ejection from the car. Muckle v. Rail-

way Co., 79 Hun, 32, 29 N. Y. Supp. 732; Ray v. Traction Co., 19 App. Div. 530, 46 N. Y. Supp. 521; Jenkins v. Railroad Co., 29 App. Div. 8, 51 N. Y. Supp. 216; Wright v. Railroad Co., 24 App. Div. 617, 48 N. Y. Supp. 1026; Railroad Co. v. Winter's Adm'r, 143 U. S. 60–70, 12 Sup. Ct. 356, 36 L. Ed. 71; Elliot v. Railroad Co., 53 Hun, 78, 6 N. Y. Supp. 363; Tarbell v. Railway Co., 24 Hun, 51; Wiggins v. King, 91 Hun, 340, 36 N. Y. Supp. 768; note to Sprenger v. Traction Co. (Wash.) 43 L. R. A. 706 (s. c. 47 Pac. 17). Although he left the car by the command of the conductor, who had stopped it for that purpose, without waiting for the application of force, it, nevertheless, constituted an ejectment. Miller v. King, 84 Hun, 308, 32 N. Y. Supp. 332; overruled, but not on this question, 21 App. Div. 192, 47 N. Y. Supp. 534; Ray v. Traction Co., supra; Townsend v. Railroad Co., 56 N. Y. 296; Id., 6 Thomp. & C. 495.

The court, after charging that the plaintiff was entitled to recover compensatory damages, including injury to feelings, added that the jury were at liberty, if they saw fit, to award exemplary damages on account of the accusation made by the conductor, evidently referring to the remark hereinbefore quoted, indicating that the plaintiff came into possession of the transfer dishonestly. This was excepted to, and the defendant's counsel requested the court to charge that exemplary damages could not be awarded. The court declined to so charge, and the defendant's counsel excepted. There was no evidence that the defendant had been guilty of negligence in employing or retaining the conductor, or showing incompetency or previous misconduct, or that it had in any manner ratified his act.

Exemplary damages are awarded by way of punishment, and to make an example of the defendant for a willful or malicious wrongful act, to prevent a repetition of the wrong by him, or for a wrongful act, though not willful or malicious, yet of such a character as to indicate a reckless disregard of the rights of others. It would not be just to mulct a railroad company in exemplary damages for the first act of misconduct towards passengers by one of its conductors, of previous good character and conduct, and whom it had no reason to believe would be guilty of misconduct. Well-considered precedents preclude the recovery of exemplary damages in such cases, and, while public policy requires that the common carrier shall be held liable in compensatory damages for the willful or malicious wrongful acts of its conductors, no public policy demands the extension of the rule to authorize a recovery for exemplary damages when the employer has not been guilty of negligence in employing or retaining the conductor, and has not ratified his wrongful act. Cleghorn v. Railroad Co., 56 N. Y. 44; Wright v. Railroad Co., supra; Muckle v. Railway Co., supra; Fisher v. Railway Co., 34 Hun, 433; Donivan v. Railway Co., 1 Misc. Rep. 368, 21 N. Y. Supp. 457; Hamilton v. Railroad Co., 53 N. Y. 25; Murphy v. Railroad Co., 48 N. Y. Super. Ct. 96; Railroad Co. v. Prentice, 147 U. S. 101, 13 Sup. Ct. 261, 37 L. Ed. 97.

The exceptions to the charge and refusal to charge on the question of exemplary damages were well taken, and demand a reversal.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.