We have examined the rulings of the trial justice, and are of the opinion that no error was committed; and the judgment must therefore be affirmed, with costs.

McCARTHY, J., concurs.

(34 Misc. Rep. 394.)

### CONLON v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. March 26, 1901.)

1. ASSAULT—INJURED FEELINGS—COMPENSATORY DAMAGES.

   Though an assault consisted simply of laying of hands on the person assaulted, it being committed as part of the process of ejecting the latter from the street car, the jury had a right to award compensatory damages, including the indignity, humiliation, and injured feelings caused thereby.

2. SAME—EXCESSIVE VERDICT.

   A verdict of $250 as compensation for indignity, humiliation, and injury to feelings received through a technical assault committed in ejecting a person from the street car is excessive.

Appeal from trial term.

Action by Patrick H. Conlon against the Metropolitan Street-Railway Company. From a judgment on a verdict of $250 for plaintiff, and an order denying a new trial, defendant appeals. Modified.

Argued before McCARTHY, SCHUCHMAN, and DELEHANTY, JJ.

Henry A. Robinson (John T. Little, of counsel), for appellant.
M. P. O'Connor (J. Brownson Kerr, of counsel), for respondent.

DELEHANTY, J. The plaintiff claims that in the month of January he was wrongfully ejected by a conductor in the employ of the defendant from one of its street cars in the city of New York, while lawfully thereon as a passenger. The evidence shows that on the occasion in question the plaintiff boarded one of the defendant's Amsterdam avenue cars at Ninety-Ninth street, intending to go to his home on Eighty-Fourth street, between First avenue and Avenue A, and duly paid his fare. On reaching Fifty-Ninth street and Columbus avenue he transferred to the Fifty-Ninth street Cross-Town car going east, received from the conductor thereof a transfer ticket which entitled him to ride to Eighty-Fourth street on the defendant's First avenue horse-car line. Upon reaching the corner of First avenue and Fifty-Ninth street, the plaintiff boarded the first approaching north-bound car, and thereupon tendered the conductor thereof the transfer slip received from the conductor of the Cross-Town car. This the former refused to receive, and demanded of plaintiff a five-cent fare. The plaintiff then told the conductor that he had paid for the ticket, and did not have another nickel to give him. The conductor said that, if plaintiff did not pay another fare, he would have to get off the car. This the plaintiff refused to do, whereupon the car was stopped by order of the conductor, who then laid his hands upon plaintiff and told him that unless he got off he and the

driver would pull him off. The plaintiff then informed the conductor that he was lame and tired, had been up all night, and would only leave the car under protest, which he did.

The defendant offered no evidence, and now assigns as reasons for a reversal of the judgment herein that the court erred in the charge to the jury, and that the verdict is excessive. In its first contention we cannot agree. Taking the whole charge together, it was nothing more nor less than that the plaintiff, if his story was believed, might be compensated for the technical assault, and for the indignities and humiliations to which he had been subjected, and in thus instructing the jury the trial justice correctly enunciated the law. Hamilton v. Railroad Co., 53 N. Y. 25; Buck v. Webb, 58 Hun, 185, 11 N. Y. Supp. 617; Smith v. Leo, 92 Hun, 242, 36 N. Y. Supp. 949. The refusal to charge, as requested by defendant, that, if the jury found that plaintiff was assaulted, he was only entitled to nominal damages, was not improper, as the assault committed was part of the process of ejecting the plaintiff; and as was well said in Eddy v. Railway Co., 50 App. Div. 109–112, 63 N. Y. Supp. 645, the jury had a right to award compensatory damages, including the indignity, the humiliation, and injury to feelings caused thereby.

We do, however, think the verdict excessive, and that there should be a reduction of the amount thereof. Realizing that "sense of insult or indignity, mortification, or wounded pride is subject of compensation (1 Sedg. Meas. Dam. [8th Ed.] p. 67, § 47), and difficulty of estimating them is no objection to their recovery" (Smith v. Leo, supra), yet, where our appellate tribunals have furnished us a precedent as to the amount of compensation which should be awarded in somewhat similar cases, it is our duty to respectfully follow the same. In Thomas v. Railway Co., 44 App. Div. 634, 60 N. Y. Supp. 1150, the plaintiff, a member of a church choir, was ejected from one of defendant's cars, and in consequence thereof was unable to fill a church engagement. A verdict in his favor for $250 was reduced by the appellate division in this department to $100. Following that authority, and in view of all the circumstances in connection with the case under consideration, we think a verdict of $100 herein would have been fair, reasonable, and a just compensation for the damages sustained.

We therefore direct that the judgment be modified by reducing the amount allowed for damages to $100, and as so modified affirmed, without costs. All concur.