the plaintiff. But how is it to be met? As suggested by the defendants, has the plaintiff to this new matter defenses in law, or defenses in equity? Will he claim that the assignment to the bank was a forgery, or was never delivered, or that it was not absolute, but conditional? It is mere speculation and conjecture what the defenses to the new matter may be; and as the bank, and the persons knowing of the transactions between the receivers and the bank, are in Pennsylvania, it would be necessary for the defendants to procure upon commission the evidence required to meet any and every possible defense the plaintiff might interpose for the purpose of destroying the validity and effect of the alleged assignment. We think, therefore, that this is peculiarly a case requiring a reply, just as much as if the new matter pleaded had been a judgment in bar. In Mercantile Nat. Bank of City of New York v. Corn Exch. Bank (Sup.) 25 N. Y. Supp. 1068, where the new matter consisted of a judgment, the court, in language which we regard as applicable to the issue here involved, said, speaking of a reply:

"It will not be granted when its only object is to relieve a defendant from the necessity of proving the facts which he sets up as a defense by way of avoidance. But where, as in the third defense, a judgment of this court is pleaded in avoidance, which, so far as the pleadings disclose, seems to have such force and effect as to lead to a judgment in defendant's favor, it is but just that it should be known how the plaintiff proposes to meet the issue of fact thus tendered; if admitted, how, if at all, it expects to avoid the effect which defendant claims for it,—to the end that surprise, with possibly an unjust result upon the trial, may be avoided."

We think that the order appealed from should accordingly be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, to abide the event. All concur.

---

## JACOBS v. THIRD AVE. R. CO. et al.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

1. CONNECTING CARRIERS — EJECTION OF PASSENGER — STREET RAILWAYS—
   TRANSFERS—ERROR OF INITIAL CARRIER.

   A street railway company is liable for ejecting a person who presents a transfer ticket from a connecting road, not acceptable under the rules of the company because not properly punched, though the mistake was made by an employé of a connecting road, there being a traffic agreement between the two roads, whereby transfers were issued from one to the other.

2. SAME—CONTRIBUTORY NEGLIGENCE.

   Where one is ejected from a street car because his transfer ticket was not properly punched, he is not to be charged with contributory negligence in receiving the same, he not understanding the ticket, and being ignorant of whether it was correctly punched.

3. SAME—LIABILITY OF CARRIER.

   Where one is ejected from a street car because his transfer ticket is not properly punched, and is arrested at the instance of the conductor, and imprisoned, the refusal of the transfer, ejection, arrest, and imprisonment are to be treated as continuous acts, for which the company is responsible.

**4. SAME—DAMAGES.**
   The passenger is only entitled to compensatory damages for loss of time, fare on another car, and injury to feelings because of the indignities suffered.

**5. SAME—MALICE.**
   The good faith of the conductor is no defense.

**6. SAME.**
   Where one is ejected from a street car because the hour was not correctly punched in his transfer ticket, a regulation of the company making such a transfer worthless is no defense to an action for the ejection.

Appeal from appellate term.

Action by Isaac Jacobs against the Third Avenue Railroad Company and another. From a judgment of the appellate term (69 N. Y. Supp. 981) reversing a judgment of the general term of the city court of the city of New York (68 N. Y. Supp. 623) affirming a judgment for plaintiff, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

S. Livingston Samuels, for appellant.
Theodore H. Lord, for respondent.

HATCH, J. The appeal in this case comes into this court by an order of the justices who heard the appeal from the city court (68 N. Y. Supp. 623) allowing the same. Upon the trial had in the city court, the complaint as to the Dry Dock, East Broadway & Battery Railroad was dismissed, and the action was thereafter continued against the present defendant. It is not claimed that any error was committed upon such dismissal, and the liability of the railroad company affected thereby is not before us for consideration. The action is brought to recover damages for an alleged assault and false imprisonment, and arises out of the following facts: It appeared by the complaint, and was admitted by the answer, that between the respective railroads there existed a traffic agreement, based upon a valid consideration, whereby each railroad company agreed with the other to receive and transport passengers from the cars of the respective companies without further compensation than such as was paid to the company carrying the passenger to the intersection of the said railroads at the Bowery and Grand street in the city of New York; that the railroad carrying a passenger who desired a transfer should issue to such passenger a transfer ticket, which should entitle such passenger to carriage from the point of intersection to his destination upon the line of the railroad. The evidence disclosed that the plaintiff became a passenger upon a car of the Dry Dock Company at Grand street, paid his fare, and at the same time requested a transfer to the Third Avenue Line at the Bowery intersection. The conductor thereupon issued to the plaintiff a transfer ticket, as requested, but punched the same as having been given at 15 minutes after 5 in the afternoon, whereas it was then 15 minutes past 6, the conductor having made the mistake of an hour. The plaintiff did not understand the meaning of the numbers on the transfer ticket, and was, therefore, unaware that a mis-

take had been made in the hour punched thereon. When the car arrived at the Bowery, plaintiff alighted therefrom, and immediately boarded a Third avenue car. The conductor of that car asked for his fare, and plaintiff tendered the transfer ticket which he had received as aforesaid. The conductor refused to receive it, and informed the plaintiff that it was not punched right, and was, therefore, not good. The plaintiff thereupon informed the conductor of the circumstances under which he had received the ticket from the conductor of the other car. This explanation did not satisfy the conductor, and he demanded payment of fare as a condition of plaintiff's transportation. This the plaintiff refused, and after some further colloquy the conductor took hold of the plaintiff's coat collar, and compelled him to alight, using, however, no more force than was necessary for that purpose. Before removing him from the car, he had called upon a policeman to arrest the plaintiff. This the policeman refused to do until he was ejected from the car. When that happened, he was arrested, and the conductor accompanied the policeman and plaintiff to the station house, where he made complaint against him, and appeared before the magistrate the next day. After the complaint was made, the plaintiff was locked up, kept in custody for several hours, and finally procured bail. On examination before the magistrate the next day, he was discharged.

There can be no question but that, under the traffic agreement between these two railroads, each conductor acts as the agent of the respective railroads in issuing transfer tickets for carriage thereon. Milnor v. Railroad Co., 53 N. Y. 363; Talcott v. Railroad Co., 89 Hun, 492, 35 N. Y. Supp. 574. Each agrees to recognize transfer tickets issued by the other, and such agreement is admitted to be founded upon a valuable consideration. It is therefore clear that plaintiff, when he received his ticket entitling him to ride upon the road of the defendant, entered into a contract of carriage with the Third Avenue Railroad Company, and thereby became entitled to ride thereon to his point of destination. The mistake in punching the ticket was not the plaintiff's mistake. In law, it was the mistake of the Third Avenue Railroad Company, as it was committed by its agent. The plaintiff could not be charged with contributory negligence in receiving the same, as he was in ignorance concerning whether it was punched right or wrong, and, in the absence of explanation, was unable to discover that a mistake had been made. Consequently, he was without means of determining it or ability to correct it. Under such circumstances, the Third Avenue Railroad Company was not justified in refusing to honor the ticket. Eddy v. Railway Co., 50 App. Div. 109, 63 N. Y. Supp. 645. When, therefore, the conductor of the Third avenue car refused to accept the ticket for transportation of the plaintiff, ejected him from the car, and caused his arrest and imprisonment, the railroad company was guilty of a wrongful act, and became liable in damages for such injury as the plaintiff sustained. The refusal to receive the ticket, the ejection from the car, and the arrest and imprisonment are to be treated in law, as they were in fact, as continuous acts, for which the defendant the Third Avenue Railroad Company is responsible.

Dupre v. Childs, 52 App. Div. 306, 65 N. Y. Supp. 179, affirmed on opinion below, 169 N. Y. —, 62 N. E. 1095.

Under the circumstances of this case, the plaintiff is only entitled to recover compensatory damages. These embrace loss of time, the amount which plaintiff was obliged to pay for passage upon another car, and injury done to his feelings by reason of the indignities under which he wrongfully suffered. Hamilton v. Railroad Co., 53 N. Y. 25; Ray v. Traction Co., 19 App. Div. 530, 46 N. Y. Supp. 521. No point, however, seems to be raised as to the amount of the damages awarded, and they seem to have been authorized under the testimony.

The learned appellate term (69 N. Y. Supp. 981) reversed the judgment upon the ground that the business transacted by the respective railroads was wholly independent the one of the other, and that nothing was shown to establish a common interest in the fares received, which was essential to the imposition of the liability sought to be established in this action. This view entirely ignored the provisions of the traffic agreement, wherein each railroad, for a valuable consideration, agreed to transport the passengers of the other. Under such circumstances the obligation imposed upon each was to transport passengers delivered by the other, holding transfer tickets, in the same manner, and subject to the same liability, as though the passenger paid a cash fare therefor to the railroad guilty of the breach of contract of carriage. While the rule was recognized by the learned appellate term that the authorities support a cause of action in tort where a mistake is made by a servant of the company guilty of an invasion of an innocent passenger's rights, yet it was held that such rule did not apply to the circumstances of this case, for the reason that the one committing the mistake was not the agent nor servant of the company, and that such company was justified in making and enforcing reasonable rules and regulations respecting the recognition of transfer tickets. The first position necessarily falls under the observations already made, and cannot be supported. There can be no such thing as a reasonable rule and regulation which protects the company against the mistakes of its own agents which result in the invasion of a passenger's rights; otherwise all that would be necessary for a railroad corporation to do would be to regulate a given subject, and then shield itself behind such regulation when called to account for an infringement of the legal rights of its passengers.

It is contended, however, by the respondent, that the conductor, in what he did, acted in good faith, was guilty of no malice, and sought to protect the property of the company, which, by reasonable regulation, he was called upon to do in the performance of his duty. The good faith of the conductor is of no consequence. It could not authorize or protect against unlawful acts. Yates v. Railroad Co., 67 N. Y. 100; Jenkins v. Railroad Co., 29 App. Div. 8, 51 N. Y. Supp. 216. Further, reliance is placed by counsel upon the case of Townsend v. Railroad Co., 56 N. Y. 296, 15 Am. Rep. 419. This case must be limited to its facts, and is not authoritative beyond it. There the passenger was possessed of no ticket, and sought to ride upon his statement that he had paid his fare, and that his ticket had been taken

up before he changed cars, and he was held negligent in not procuring the delivery of his ticket by the other conductor. This case has been several times distinguished (English v. Canal Co., 66 N. Y. 454, 23 Am. Rep. 69), and does not seem even to have been followed upon the subsequent trial of that action (6 Thomp. & C. 495; Ray v. Traction Co., 19 App. Div. 530, 46 N. Y. Supp. 521). The present case is distinguishable, for here there was no negligence of the passenger. He presented a ticket, for which he had paid, and which entitled him to passage under his contract of carriage.

There are no further questions in this case that require discussion. We have examined them all, and find no error therein. It follows that the determination of the appellate term should be reversed, with costs in this court and in the appellate term, and the judgment of the general term of the city court should be affirmed. All concur.