### MOON v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   November 30, 1903.)

1. CARRIER—DUTY OF CONDUCTOR—RIGHT OF PASSENGER.
      Where it was a street car conductor's duty under the railroad law (Laws 1890, c. 565, p. 1082, and amendments) to have given a certain transfer, a passenger had a right to assume, without examination, that he would receive the proper transfer.
2. SAME—EJECTION OF PASSENGER—DAMAGES.
      Where, in an action for ejection from a street car, it appeared that the plaintiff had returned to the same car and paid his fare, and his counsel on the trial stated that he limited his claim to recover for breach of contract, he is not entitled to recover exemplary damages.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Sidney N. Moon against the Interurban Street Railway Company. From a judgment in favor of plaintiff, defendant appeals. Modified and affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Henry A. Robinson (J. Ralph Hilton and Wm. E. Weaver, of counsel), for appellant.

Carl Schurz Petrasch (Alvin C. Cass, of counsel), for respondent.

BLANCHARD, J. This is an appeal by the defendant from a judgment of a Municipal Court of the City of New York in an action tried by a jury. The verdict was in plaintiff's favor for $50. The

¶ 1. See Carriers, vol. 9, Cent. Dig. §§ 1060, 1427.

action is for the recovery of damages which the plaintiff claims he sustained through having been unlawfully ejected from one of the defendant's street cars. The undisputed facts are as follows: The plaintiff boarded a south-bound Lenox avenue car, paid his fare, and, wishing to continue his trip to the south over the Amsterdam Avenue Line, asked the conductor to give him a transfer to that line. It is conceded at this point of the case that the plaintiff, being on a south-bound car, was entitled to a transfer to an Amsterdam avenue car going south, and that said transfer was the one which, according to the railroad law (chapter 565, p. 1082, Laws 1890, and amendments) and the regulations of the defendant company, it was the conductor's duty to have given him. Instead of doing this, the conductor, probably through error, gave plaintiff a transfer to an Amsterdam avenue car going north, which would have been a proper transfer if the plaintiff had been proceeding north, and wished to continue his journey in that direction. The plaintiff did not examine this transfer, nor was it his duty to do so. He had the right to assume that, as he was proceeding south, he would receive a transfer that would entitle him to continue in that direction. Eddy v. Syracuse R. T. R. Co., 50 App. Div. 109, 63 N. Y. Supp. 645; Jenkins v. B. H. R. R. Co., 29 App. Div. 8, 51 N. Y. Supp. 216; Isaacson v. N. R. C. R. R. Co., 94 N. Y. 278, 46 Am. Rep. 142; Jacobs v. Third Ave. R. R. Co., 71 App. Div. 199, 75 N. Y. Supp. 679. When, later on, plaintiff boarded an Amsterdam avenue car going south, and offered the transfer to the conductor, the latter declined to accept it upon the ground that it did not entitle the plaintiff to travel on an Amsterdam avenue car going south. The conductor demanded a cash fare from the plaintiff, who refused to pay it. There was some altercation between plaintiff and the conductor, and finally the conductor, against some slight resistance on the part of the plaintiff, ejected the plaintiff from the car, using but little force for that purpose. The plaintiff immediately got on the car again, paid his fare, and continued his journey. It is conceded that the plaintiff received no bodily injury. On the trial the plaintiff's counsel announced that the plaintiff limited his claim to recover for a breach of contract, and that the plaintiff made no claim for assault or negligence.

As the only damages proved by the plaintiff arising out of the mistake of the conductor of the Lenox avenue car to give him a proper transfer was the extra five cents fare he was obliged to pay on the Amsterdam avenue car, his recovery at the trial should have been limited to that amount. He is not entitled to exemplary damages in this form of action. Eddy v. Syracuse R. T. R. R. Co., 50 App. Div. 109, 63 N. Y. Supp. 645; Monnier v. N. Y., etc., R. Co., 175 N. Y. 281, 67 N. E. 569; Fink v. A. & S. R. R. Co., 4 Lans. 147; Carleton v. Lombard, Ayres & Co., 19 App. Div. 297, 304, 46 N. Y. Supp. 120.

The judgment of the trial court should be modified so as to award to this plaintiff the sum of 5 cents damages and costs, and the judgment, as so modified, should be affirmed, with $10 costs to respondent, besides disbursements. All concur.