Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Samuel Weingrad against Wolf Kletzky. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Morris A. Rabinovitch, for appellant.

Emanuel Klein, for respondent.

FITZGERALD, J. Plaintiff seeks upon an alleged oral agreement to recover from defendant the amount of commissions which he would have earned if certain policies of insurance against fire had gone into effect. He bases his claim of breach of contract upon defendant's refusal to accept the policies, and the measure of damage as shown by his bill of particulars is the exact amount of commissions which he insists the company would have paid him if the policies had gone into effect. "An owner who receives a fire insurance policy from an agent and returns it before it was to take effect does not incur any obligation to the agent for commissions." Townsend v. Tompkins (Sup.) 10 N. Y. Supp. 797. The policies tendered by plaintiff were rejected, never took effect, and commission never became due from any source. Substantial damages are difficult of proof in this kind of action. Arndt et al. v. Miller, Daybill & Co. (Sup.) 95 N. Y. Supp. 604. The policies were delivered to defendant November 3d, but none of them were to take effect according to their terms until after the middle of that month, and some of them as late as December. They all contained the standard statutory clause, and would lose their force if a fire were to happen on insured premises before they were to take effect. Prospective commissions liable to be lost to plaintiff without any fault on the part of the defendant cannot well form a basis for computing damage. A judgment awarding for the breach the full commissions which plaintiff might have received from the insurance company, if the premiums had been paid for the entire period of time covered by the terms of the policies, is contrary to the authorities and cannot be allowed to stand.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

BURFEINDT v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. December 11, 1906.)

CARRIERS—MISCONDUCT OF SERVANT—EXCESSIVE DAMAGES.

    A passenger on boarding a car paid a cash fare, instead of tendering his transfer. Before the conductor had rung up the fare, the passenger requested the return of the money, whereupon the conductor abused him and undertook to forcibly remove him from the car. The passenger remained on the car. He suffered no serious injury. *Held*, that a verdict of $500 was excessive, and should be reduced to $100.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1345.]

Appeal from Municipal Court, Borough of The Bronx, Second District.

Action by Charles Burfeindt against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

William E. Weaver, for appellant.

Gustav J. Voss, for respondent.

PER CURIAM. Plaintiff, a passenger upon an Amsterdam avenue car, paid his fare and received a transfer for the cross-town line at 125th street. On boarding the latter car he paid another fare absentmindedly, but before the conductor had rung it up he recovered his memory and requested the return of his five cents, whereupon the conductor abused him and undertook to forcibly remove him from the car. His statement of the occurrence is corroborated, and not contradicted. Plaintiff remained upon the car until it reached the ferry. Five hundred dollars damages were awarded. No serious injury was suffered.

In Thomas v. Met. Ry. Co., 44 App. Div. 364, 60 N. Y. Supp. 1150, and in Conlon v. Met. St. Ry. Co., 34 Misc. Rep. 394, 69 N. Y. Supp. 653, verdicts of $250 were reduced to $100, and justice requires a similar modification in the case at bar.

Judgment modified, by reducing amount of recovery to $100, and as modified affirmed, without costs.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.