(110 App. Div. 705)

### BUSCH v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Division, First Department.   January 26, 1906.)

1. ACTIONS—CONTRACT OR TORT—JURISDICTION.

A complaint alleging that plaintiff, for the purpose of being carried in one of defendant's cars, paid the fare required, in consideration of which defendant promised and agreed to carry him and to treat him properly, and that, after he paid the fare and entered the station where he was to take the car, defendant through its agents violated the terms of said contract by doing certain things, states a cause of action for breach of contract, within the jurisdiction of the Municipal Court, and not one for assault and battery, though the facts pleaded show an assault was committed.

2. CARRIERS—PASSENGERS.

One, by purchasing a ticket for transportation on an elevated railroad, depositing it in the box provided therefor, and going on the platform, becomes a passenger, entitled to treatment as such.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 984, 987.]

Appeal from Appellate Term.

Action by Emanuel A. Busch against the Interborough Rapid Transit Company.   From a determination of the Appellate Term (93 N. Y. Supp, 372), reversing a judgment of the Municipal Court on a verdict for plaintiff, plaintiff appeals.   Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

Charles Goldzier, for appellant.
Theodore L. Waugh, for respondent.

McLAUGHLIN, J.   The plaintiff brought an action in the Municipal Court of the city of New York to recover $500, the damages alleged to have been sustained by him.   The facts entitling him to such damages, as set out in his complaint, were that the defendant is a corporation engaged in transporting passengers for hire in such city; that he became a passenger of the defendant for the purpose of being carried on one of its cars to a certain destination; that he paid the fare required, in consideration of which defendant agreed to safely carry him to such destination and to treat him properly while en route; that after he had

paid such fare he entered in and upon one of the stations of the defendant, and that—

"The defendant, through its agents and employés, wrongfully, illegally, and in violation of the terms of said contract, assaulted the plaintiff and caused one of its agents to take violent hold of this plaintiff and push, pull, maul, and otherwise maltreat him, and caused police officers to assault and arrest this plaintiff without any charge or provocation and detain him forcibly and against his will under arrest and without any warrant of law and without any cause for the space of fifteen (15) minutes, and to assault, pull, haul, maul, and push this plaintiff and derange his clothing and caused and permitted one of its agents, in the presence of a large concourse of people, to call this plaintiff a liar and charge him with having attempted fraudulently to take passage upon one of the defendant's trains without the payment of fare and to threaten and otherwise maltreat and insult this plaintiff."

The answer denied the material allegations of the complaint. Upon the issue thus formed the parties went to trial, and the plaintiff's proof tended to show that at the time stated in the complaint he entered a station of the defendant's road in company with a friend; that he then purchased two tickets, one for himself and one for his friend, and put them in the ticket box, and passed to the platform, where he stood waiting for a train to arrive; that after he had passed to the platform the person in charge of the ticket box, termed in the record a "ticket chopper," accused the plaintiff of having placed only one ticket in the box, and, when he assured him he had placed two tickets there, such person called him a liar, a thief, a sheeny, and accused him of cheating, took hold of him, and instructed an officer then present not to permit plaintiff to go upon the train; that he was detained by such officer about 15 minutes, and was only allowed to go upon the train by purchasing another ticket. The testimony on the part of the defendant tended to prove that the plaintiff deposited only one ticket in the box, and that he was informed he could not go upon the train until he purchased another ticket, which he did. The plaintiff had a verdict for $250, upon which judgment was entered, from which an appeal was taken to the Appellate Term. There the judgment was reversed and the complaint dismissed, upon the ground, as appears from the prevailing opinion, that:

"The complaint states the cause of action for assault and battery and for false imprisonment, and for nothing else."

The plaintiff, by permission, appeals to this court.

If the action were brought to recover damages for assault and battery, then the Appellate Term was right in reversing the judgment and dismissing the complaint, because the Municipal Court does not have jurisdiction to try actions of that character. Subdivision 14 of section 1 of the Municipal Court Act (Laws 1902, p. 1489, c. 580). But was this action to recover damages for assault and battery, or was it to recover damages for the breach of a contract? The answer to these questions, of course, depends upon all the allegations of the complaint. As I read the complaint it was clearly to recover damages for the breach of a contract. It alleged that the plaintiff, for the purpose of being carried in one of the defendant's cars, paid the fare required, in consideration of which defendant promised and agreed to carry him and to treat him properly, and that after he had paid the fare demanded, and entered the station where he was to take the car, the defend-

ant, through its agents, violated the terms of "said contract" by doing certain things. It is true the facts pleaded show that an assault was committed, but these facts were pleaded for the purpose of showing a breach of the contract, which was not only to transport the plaintiff safely to his destination, but to treat him properly while en route.    Hart v. Metropolitan St. Ry. Co., 65 App. Div. 493, 72 N. Y. Supp. 797; Hines v. Dry Dock R. R. Co., 75 App. Div. 391, 78 N. Y. Supp. 170; Rein v. Brooklyn Heights R. R. Co. (Sup.) 94 N. Y. Supp. 636.

The proof tended to establish the allegations of the complaint, and, the jury having found in plaintiff's favor, the same must be accepted as true.    This finding established that the plaintiff purchased two tickets and deposited the same in the ticket box provided by the defendant.    When he purchased his tickets and delivered the same to the defendant by depositing them in this box and went upon the platform, that moment the relation of carrier and passenger commenced, and thereafter defendant became responsible for all consequences to the plaintiff as a passenger and was liable to him for the willful misconduct or negligence of the persons employed by it in carrying out the contract.    Palmeri v. Manhattan Ry. Co., 133 N. Y. 261, 30 N. E. 1001, 16 L. R. A. 136, 28 Am. St. Rep. 632.    He was just as much a passenger after he had entered upon the platform as he would have been had he entered a car.    The relation was precisely the same, because he got upon the platform only by the purchase and surrender of his ticket. Gordon v. Grand St. Ry. Co., 40 Barb. 546; Webster v. Fitchburg R. R. Co., 161 Mass. 298, 37 N. E. 165, 24 L. R. A. 521; Donovan v. Hartford St. Ry. Co., 65 Conn. 201, 32 Atl. 350, 29 L. R. A. 297; 5 Am. & Eng. Enc. of Law (2d Ed.) 488, and cases cited.    Being a passenger, the plaintiff was entitled to be properly treated by the defendant's agents, and it was liable for damages inflicted by an assault of one of its servants, as well as the injury to plaintiff's feelings by the insulting language used (Gillepsie v. Brooklyn Heights R. R. Co., 178 N. Y. 347, 70 N. E. 857, 66 L. R. A. 618, 102 Am. St. Rep. 503; Palmeri v. Manhattan R. R. Co., 133 N. Y. 261, 30 N. E. 1001, 16 L. R. A. 136, 28 Am. St. Rep. 632; Dwinelle v. N. Y., C. & H. R. R. R. Co., 120 N. Y. 117, 24 N. E. 319, 8 L. R. A. 224, 17 Am. St. Rep. 611; Stewart v. Brooklyn & Crosstown R. Co., 90 N. Y. 588, 43 Am. Rep. 185; Hamilton v. Third Ave. R. R. Co., 53 N. Y. 25; Eddy v. Syracuse Rapid Transit Co., 50 App. Div. 109, 63 N. Y. Supp. 645); and it was for the jury to say, upon all of the evidence, what the amount of such damage was (Miller v. King, 166 N. Y. 394, 59 N. E. 1114).

It follows, therefore, that the determination of the Appellate Term must be reversed, and the judgment of the Municipal Court affirmed, with costs in this court and in the Appellate Term.    All concur; PATTERSON, J., in result.