er it meant the youngest who should survive the testator, or the youngest survivor of the nephews and nieces arriving at the age of 30 years. It was assumed as a matter of course that, if the expression meant the youngest who should survive the testator, the validity of the trust was not even debatable, and, while the Court of Appeals did not pass on that question for the reason that it appeared to be involved in a litigation between other parties, the question as stated by that court apparently turned solely on the construction of the .expression, "the youngest survivor." In the case at bar we have no such ambiguity.

The interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to the defendant to plead over on payment of costs. All concur.

(118 App. Div. 13)

## NICHOLSON v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 15, 1907.)

CARRIERS—CARRIAGE OF PASSENGERS—EJECTION FROM CAR.

Though the statute imposes a penalty on any carrier failing to give a passenger a transfer to which he is entitled, where a passenger received a transfer which showed that it had then expired, but on calling the conductor's attention to the fact he was assured that it was all right, but the second conductor refused to take it, and on the passenger's refusal to pay fare ejected him from the car, plaintiff was not entitled to recover for the ejection.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1427, 1432.]

Hooker, J., dissenting.

Appeal from Trial Term.

Action by Alexander G. Nicholson against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

I. R. Oeland, for appellant.
Mortimer M. Menken, for respondent.

MILLER, J. The plaintiff has a judgment entered on the verdict of a jury for damages consequent upon an alleged unlawful ejection from one of the defendant's cars. The defendant claims that the complaint should have been dismissed. The jury were at liberty to find from the plaintiff's evidence that he entered a car on one of the defendant's cross-town lines, paid his fare, and demanded a transfer, which he noticed, upon receiving it, was so punched that the time limit indicated had already expired; that, upon calling this fact to the attention of the conductor and demanding another transfer, he was assured that it was all right; that at the intersection with the line which he desired to take he alighted, boarded the proper car, and tendered the conductor the transfer; that the conductor refused to take it,

demanded his fare, and, upon his refusal to pay the fare, ejected him from the car.

Practically the only disputed question submitted to the jury was whether the conductor issuing the transfer assured the plaintiff that it was all right, and apparently this question of fact was deemed the pivotal question in the case. The defendant's right to make all reasonable rules to which the passenger's contract of carriage is subject is not disputed, and need not be discussed; nor is it disputed that the defendant was bound to give the plaintiff a transfer entitling him to a continuous trip for a single fare, and that for its refusal to do this the plaintiff could have recovered the penalty of $50 provided by statute. He could also recover any excess fare exacted of him, but it does not follow that he could knowingly board a car with a ticket, which upon its face did not entitle him to a ride, and recover for being ejected by a conductor who acted strictly within his duties. The act of the conductor in ejecting him was not wrongful or unlawful. Passengers must know that conductors cannot dispense with the rules of the company, and, if they do not, the law charges them with such knowledge. The plaintiff knew that the time indicated by the ticket within which he could be carried on the line to which he intended to transfer had expired, and he had no business to act upon the assurance of the conductor, or to expect that the conductor on the line to which he transferred could take his word in direct contradiction of the ticket. The plaintiff's objection from the car was not consequent upon the wrongful act of the conductor who issued the transfer, but rather upon his own disregard of the defendant's rules, to which he as well as the conductors was subject. As well might the plaintiff recover if the conductor had refused to issue any transfer at all.

The actual damage resulting from such refusal, as a rule, would be measured by the value of the transfer, i. e., five cents. In order to compel obedience to the law requiring street surface railroads to give a passenger a continuous trip over connecting lines for a single fare, the Legislature has provided a penalty; but the law does not contemplate that, in addition to that, the passenger may recover for indignities to which he voluntarily subjects himself. Whatever doubt there may have been on this question was settled by the Court of Appeals in Monnier v. N. Y. C. & H. R. R. R. Co., 175 N. Y. 281, 67 N. E. 569, 62 L. R. A. 357, 96 Am. St. Rep. 619. It is impossible to distinguish that case from the case at bar, because, as we have seen, the plaintiff could not rely upon an assurance which he was bound to know was false. Our attention is called to Jenkins v. Brooklyn Heights R. R. Co., 29 App. Div. 8, 51 N. Y. Supp. 216; Eddy v. Syracuse Rapid Transit R. Co., 50 App. Div. 109, 63 N. Y. Supp. 645; Jacobs v. Third Ave. R. R. Co., 71 App. Div. 199, 75 N. Y. Supp. 679. But those cases are all distinguishable from the case at bar, and it is unnecessary now to determine whether or to what extent they have been overruled by the Monnier Case. In the Jenkins Case, the plaintiff boarded the first car in which he was able to obtain a seat, and the transfer ticket was properly punched. In the other two cases relied on, the plaintiff boarded the car not knowing that his transfer had been

improperly punched. Whether, within the doctrine of the Monnier Case, that makes any difference, we do not need now to determine. Said cases relied upon by the respondent are cited in Gillespie v. Brooklyn Heights R. R. Co., 178 N. Y. 347, 70 N. E. 857, 66 L. R. A. 618, 102 Am. St. Rep. 503, but in that part of the opinion in which the learned judge who wrote discussed the rule of damage.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur, except HOOKER, J., who dissents.