In an action against a surety, upon his contract of suretyship it is a complete defense to show that he was induced to enter into the contract by false representations on the part of the plaintiff. Baylies on Sureties and Guarantors, p. 424; 1 Brandt on Suretyship and Guarantors (3d Ed.) § 447; Daniel on Neg. Inst. (5th Ed.) §§ 1308, 1309. An allegation of actual damage is not essential to such a defense, which rests upon the ground that fraud vitiates all contracts, and that contracts of guaranty and suretyship form no exception to the rule. The defense, therefore, as pleaded, was sufficient, and it was error to direct a verdict for the plaintiff.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.

---

(119 App. Div. 520)

ROACH v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.    May 10, 1907.)

CARRIERS—CHARGING EXCESSIVE FARES—PENALTY.

> A street railroad operated cars which made a continuous trip from one point to a designated point. A passenger, instead of boarding such a car, boarded one which turned off in another direction, and on leaving it obtained a transfer, and then boarded a car which made the trip to the designated point. The conductor on the latter car refused to accept the transfer and demanded the payment of fare. *Held*, that the railroad was not liable for the penalty imposed by Railroad Law, Laws 1890, p. 1096, c. 565, § 39, for charging excessive fare.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by James Roach against the Brooklyn Heights Railroad Company. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

H. F. Ives, for appellant.
Cyrus V. Washburn and George W. Sickels, for respondent.

MILLER, J. This is an action for a penalty under section 39 of the railroad law (Laws 1890, p. 1096, c. 565). The facts are not in dispute. The plaintiff, desiring to go to Greenpoint Ferry, the terminus of the defendant's Graham Avenue line, boarded a car on Graham avenue which did not go through to the ferry, but turned off at Meeker avenue, where he demanded and received from the conductor a transfer. He then boarded the following car, which did not turn off, but continued on Graham avenue to the plaintiff's destination. The conductor of that car, however, refused to accept the transfer, and required the plaintiff to pay another fare or get off. He chose to get off, and has recovered a judgment for the penalty prescribed for charging excessive fares.

The appellant's argument is that section 104 of the railroad law (Laws 1892, p. 1406, c. 676), which permits a charge of but a single fare for a "continuous trip," only applies to leased lines, and that sec-

tion 101 of the railroad law, which provides that but a single fare can be charged for a "continuous ride" between any two points on any road, line, or branch thereof, is not violated if the passenger is allowed for a single fare to go to the destination of the particular car he happens to board. We do not assent to that proposition, but have decided to reverse the judgment upon another ground. The defendant operated cars which made a continuous trip from the point where the plaintiff boarded the first car to his destination. If he had waited at that point for the through car, he could have made the trip for one fare, and he could easily have learned the destination of the car from the sign or by inquiry of the conductor. The defendant did not violate the statute, for it provided the plaintiff a way to make his trip for one fare, had he availed himself of it, and it is obvious that if the passenger is permitted to board any car he chooses, with the right to be transferred at any point he desires, the defendant will be unable to regulate and distribute its traffic, so as to give the public the maximum service possible. The right to so regulate its traffic is not only reasonable, but absolutely necessary to enable the defendant to maintain any sort of system or order, especially during rush hours at congested points.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.