(56 Misc. Rep. 496.)

LEWYT v. DRY DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Term. November 29, 1907.)

CARRIERS—PASSENGERS—WHO ARE PASSENGERS—PAYMENT OF FARE.

Where a person boarded a street car and tendered the conductor a transfer in payment of his fare, he was a passenger, although the conductor refused to accept the transfer, and the carrier was liable for an assault upon him by the conductor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 974.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Arthur Lewyt against the Dry Dock, East Broadway & Battery Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Jacob Gordon, for appellant.
William E. Weaver, for respondent.

PER CURIAM. The plaintiff testified that he boarded a Second Avenue car at Eighty-Sixth street and asked the conductor for a transfer to Grand street, which was given him and which was admitted in evidence; that he rode to Grand street and boarded a Grand Street

horse car operated by the defendant, and when his fare was demanded offered the transfer to the conductor, who said:

" 'This transfer is no good.' That I would have to pay another fare or get off, and I told him that I would get off when the car stopped, and with his foot then he kicked the bundle off in the street, and he gave me a punch in the eye, and I fell down from the car, and the goods were ruined."

The defendant made no attempt to controvert this proof. Judgment was rendered for the defendant, and the plaintiff appeals.

It is urged by the respondent that the plaintiff could not recover, as he was not a passenger for hire. This position cannot be upheld. The plaintiff had boarded the car as a passenger, he had tendered in payment of his fare a transfer, and, upon being told that the transfer was of no value, he expressed a willingness to leave the car as soon as it could be stopped. He was entitled to as much consideration from the servants and employés of the defendant as though he had actually handed the conductor the fare demanded. The defendant owed him the duty of either carrying him safely to his destination or affording him a reasonable opportunity to alight. Even if he had refused to pay his fare and had persisted in riding, his ejectment for nonpayment could only be accomplished by resorting to no more force than was actually necessary. Under the facts disclosed the plaintiff proved a cause of action, and the judgment rendered has absolutely no foundation.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.