(56 Misc. Rep. 637.)

## BROWN v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term.   December 12, 1907.)

CARRIERS—CARRIAGE OF PASSENGERS—PERSONAL INJURIES—ACTS OF CARRIER'S EMPLOYÉS.

Plaintiff boarded defendant's north-bound car, and, falling asleep, was carried several blocks beyond his destination. He then crossed the street to another station to catch defendant's south-bound car, which he persisted in getting on without paying his fare. The trainmen by force kept him off the train. *Held*, that defendant was not liable for the assault, having fully performed its contract when it carried plaintiff on its north-bound train to his destination, after which it was under no obligation to furnish him a return passage free of charge.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1121.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Louis Brown against the Interborough Rapid Transit Company. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Charles A. Gardiner (William E. Weaver, of counsel), for appellant. Henry Lieb, for respondent.

GUY, J.   The plaintiff brought this action and recovered a judgment upon a complaint setting forth in substance that while the plaintiff was a passenger on one of the defendant's north-bound trains he was assaulted by the employés of the defendant; the gravamen of the cause of action being a breach of contract of carriage by the defendant. The facts appearing upon the trial are substantially undisputed and are briefly as follows:

On March 19, 1907, the plaintiff boarded one of the defendant's elevated railroad trains at Eighth street and Second avenue; his destination being 121st Street Station. When the train reached 121st street the plaintiff was asleep; and he remained on the train until it reached 129th street, at which station he left the train. He then crossed the street to another station in order to reach the defendant's south-bound cars, for the purpose of taking a south-bound train to be carried back to his destination, which he had missed while asleep. When he attempted to board the south-bound train, he was stopped by one of the defendant's employés, who inquired if the plaintiff had a ticket. The plaintiff answered: "No; I do not need any ticket." He persisted in his attempt to get on the south-bound train without paying any fare. The defendant's employés in charge of the train resorted to force to prevent the plaintiff from boarding the train.

It is clear that at the time the alleged assault was committed the relationship of carrier and passenger between the parties had ceased to exist, and the defendant was engaged in an attempt to obtain passage upon a south-bound train with the avowed intent of paying no fare. The defendant had fully performed its contract when it carried the plaintiff on its north-bound train to his destination, and was

under no obligation to furnish him a return passage free of charge. The case of Busch v. Int. R. T. Co., 110 App. Div. 705, 96 N. Y. Supp. 747, has no application to the case at bar.

Judgment reversed, with costs, and complaint dismissed. All concur.