GAYNOR, J.  The plaintiffs delivered to the defendants 1,300 yards of lawn to be embroidered by them at an agreed price per stitch, and returned to the plaintiffs in installments as the work progressed, the plaintiffs to pay 50 per cent. of the agreed price on each delivery to them, and the remaining 50 per cent. when they should have examined the work and found it satisfactory.  Two deliveries were made by the defendants, but the plaintiffs failed to pay them therefor, whereupon the defendants refused to continue their work and tendered back the remainder of the lawn on condition that payment be made for the work already done.  The defendants did not pay, and brought this action to recover possession of the goods.  The defendants pleaded an artisan's lien as a defense.  This was a good defense to the extent of the amount due and payable to them on the delivery of the material which they had finished, at all events, and the judgment for the plaintiffs was erroneous.  An artisan's lien is lost where the material or object on which the work is to be done is by the contract to be delivered before payment and credit given.  Morgan v. Congdon, 4 N. Y. 552; Blumenberg Press v. Mutual Mer. Agency, 177 N. Y. 362, 69 N. E. 641.  But that is not this case in respect of the 50 per cent. to be paid on delivery.  It is the contract which determines; and mere delivery of a part without payment does not affect the lien on the goods still in hand where the contract was for payment on delivery.  Cases supra.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.  All concur.

---

## MILLER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.  June 5, 1908.)

1. COURTS—MUNICIPAL COURTS—JURISDICTION.
    Plaintiff alleged that she was a passenger on defendant's car and was assaulted by the conductor.  The evidence showed that she refused to pay her fare, and the conductor took hold of her and attempted to put her off, whereupon her fare was paid for her.  The court charged that defendant was liable only for the use of excessive force in ejecting her.  *Held*, that the action was for a battery, instead of for a breach of contract to carry safely, and was not within the jurisdiction of the Municipal Court of the city of New York.

2. CARRIERS—EJECTION OF PASSENGERS.
    The use of excessive force in ejecting a passenger who refuses to pay fare is not a breach of contract to carry safely, but a battery.

3. SAME.
    A conductor may use necessary force in ejecting a passenger who refuses to pay fare.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1450, 1451.]

Appeal from Municipal Court of New York.

Action by Ursula A. Miller against the Brooklyn Heights Railroad Company.  From a judgment for plaintiff, defendant appeals.  Reversed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

F. R. Stoddard, for appellant.
David J. Wagner, for respondent.

GAYNOR, J.   The complaint alleges that while the plaintiff was a passenger on one of the defendant's cars "she was violently assaulted and beaten by the defendant," and that the defendant "used insolent, abusive and offensive words" toward her.   The evidence is that the plaintiff got on the car and refused to pay her fare except by a transfer ticket which was not good for that line of cars, and refusing to get off at the demand of the conductor, he took hold of her and tried to put her off, the motorman refusing to assist him; whereupon a passenger paid her fare.   She also testified that the conductor called her a beat, and the like, both before and after her fare was paid.   The municipal justice charged the jury that the defendant had the right to put her off, and was liable only for any excess of force used by the conductor.   This certainly made the case one for a battery, if the complaint did not, instead of for a breach of contract, and the Municipal Court has no jurisdiction of actions for assault or battery.   Municipal Court Act, Laws 1902, p. 1489, c. 580, § 1, subd. 14.   The defendant had the right to use force, and any excess of force was not a breach of contract to carry safely, but a battery—if we were to assume that there was any contract in this case with a passenger who would not pay her fare.   Moreover, there was no evidence of excessive force.   No force was used except strictly in the way of putting the plaintiff off, and enough was not used for that purpose.

The judgment should be reversed.

Judgment of the Mnuicipal Court reversed, and new trial ordered; costs to abide the event.   All concur.