BERKELHAMER v. JOLINE et al. (two cases).

(Supreme Court, Appellate Term.   January 8, 1909.)

CARRIERS (§ 356*)—PASSENGERS—CONTRACT OF CARRIAGE.

A passenger who refuses to pay fare, and only offers an invalid transfer ticket, cannot complain of his ejection on the ground of breach of contract of carriage.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1423; Dec. Dig. § 356.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Actions by Isidore Berkelhamer and by Dora Berkelhamer against Adrian H. Joline and another, receivers of the Metropolitan Street Railway Company.   From judgments for defendants in each case, plaintiff in each case appeals.   Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Henry Lieb, for appellants.
Anthony J. Ernest, for respondents.

BISCHOFF, J.   These actions were concededly brought and tried upon the theory of the carrier's breach of contract to transport the plaintiffs as passengers; and, while some force was used in ejecting them from the car, the record does not suggest a cause of action for assault.

Upon the question of the existence of a contract of carriage the justice properly found that there was a refusal to pay a fare when demanded, and since there was no proof to support the validity of the transfer tickets offered by the plaintiffs, as tokens of payments acceptable upon this particular car, the relation of carrier and passenger did not arise.   Doubtless it may be presumed that a person who boards a street car intends to pay his fare, and his rights as a passenger exist, notwithstanding that the fare may not be demanded or paid; but where the passenger refuses to pay, or, as in this case, annexes an arbitrary condition to the payment which amounts to a refusal, no agreement to carry can be found to have existed.

In the case of Lewyt v. Dry Dock, etc., Ry. Co., 56 Misc. Rep. 496, 107 N. Y. Supp. 14, cited for the appellants, the evidence disclosed that the plaintiff tendered a valid transfer ticket, which was refused, and that he was ejected with violence while entitled to be carried safely under an actual contract arising from his tender of a fare in this form.   In the present case, determined after the defendant had rested upon the merits, the proof did not show that the transfer ticket offered to the conductor had any reference to this nonintersecting line of railway, and the plaintiffs could not complain of their ejection, after refusal to pay a fare, upon the stated ground of a breach of contract. Brown v. Int. R. T. Co., 56 Misc. Rep. 637, 107 N. Y. Supp. 629.

Judgments affirmed, with costs.   All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes