1. CARRIERS (§ 356*)—EJECTION OF PASSENGER—BREACH OF CONTRACT.

Where a street car passenger was ejected because of his refusal to pay fare, except by a transfer which the conductor refused to receive, the passenger, in order to recover for breach of contract, was bound to show that the transfer was good, and that the conductor erred in refusing to accept it.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 356.*]

2. CARRIERS (§ 376*)—PASSENGERS—EJECTION—REMEDY.

Where a street car passenger was ejected on his refusal to pay fare, except with a transfer which the conductor declined, his right of action, in the absence of proof that the transfer was good, was limited to an action for battery in the use of excessive force in ejecting him from the car.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1463; Dec. Dig. § 376.*]

3. COURTS (§ 188*)—MUNICIPAL COURT—JURISDICTION.

The Municipal Court of New York has no jurisdiction of actions for assault or battery.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. § 188.*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Isaac Brown against the Brooklyn, Queens County & Suburban Railroad Company.    From a judgment for plaintiff, defendant appeals.    Reversed, and new trial ordered.

See, also, 120 N. Y. Supp. 1115.

Argued before HIRSCHBERG, P. J., and WOODWARD, THOMAS, JENKS, and CARR, JJ.

Francis R. Stoddard, Jr., for appellant.

Isaac Miller, for respondent.

JENKS, J.    The plaintiff's case is that he boarded a car of the defendant and offered a transfer ticket for his fare, that the conductor rejected it as not good, that plaintiff insisted to the contrary, that the conductor declined to argue the question of validity, but ordered him to leave the car, and that the conductor then assaulted him.    The plaintiff's theory of action is a breach of contract of carriage.    Before he can rely upon a breach of contract, he must establish the contract.    He failed to do so.    He did not produce the transfer ticket or give secondary evidence of its character or of its validity for the use that he attempted to make of it.    The conductor was not bound to accept a transfer ticket because the plaintiff thought it was good.    If the conductor refused carriage for a valid transfer ticket, then there would have been a breach of the contract.    When the transfer was refused, the plaintiff should have paid his fare or should have left the car; for, if the conductor was wrong, the passenger would have had his remedy against the defendant.    He could not enforce his contract by force.    Until the plaintiff proved that the defendant was obligated to carry

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

him for the transfer ticket which he tendered, his action is for battery, in that excessive force was used to eject him from a car which he had refused to leave upon the demand of the defendant, and which refusal was followed by resistance to expulsion. But the Municipal Court has not jurisdiction of actions for assault or battery. Miller v. Brooklyn Heights R. R. Co., 127 App. Div. 197, 111 N. Y. Supp. 47.

The judgment is reversed, and a new trial is ordered; costs to abide the event. All concur.

