## DANIEL v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Term.     March 10, 1910.)

1. COURTS (§ 188*)—JURISDICTION—MUNICIPAL COURTS—ASSAULT AND BATTERY.
   A street car passenger could not recover in an action in the Municipal Court for assault in ejecting him, unless the assault also constituted a breach of the contract of carriage.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. § 188.*]

2. COURTS (§ 188*)—JURISDICTION—MUNICIPAL COURT—BREACH OF CONTRACT OF CARRIAGE—ASSAULT.
   An unlawful assault or insult to a passenger by the carrier's employé violates the contract of carriage to carry safely, and hence an action therefor is within the jurisdiction of the Municipal Court.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. § 188.*]

3. CARRIERS (§ 239*)—PASSENGERS—WHO ARE.
   If a transfer given to a street car passenger was valid, he was entitled to carriage on a car on the line to which he was transferred, and hence was a passenger thereon, though the conductor refused the transfer.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 974, 975; Dec. Dig. § 239.*]

4. CARRIERS (§ 356*)—EJECTION OF PASSENGER—TRANSFER—RULES GOVERNING ACCEPTANCE—REASONABLENESS.
   If a street car conductor was justified, under reasonable rules of the company, in refusing a transfer, the holder could not remain on the car after being requested to get off, so as to be entitled to recover for assault in putting him off, even if the original contract of carriage was valid.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1423; Dec. Dig. § 356.*]

5. CARRIERS (§ 356*) — EJECTION OF PASSENGER — REGULATIONS — STREET CAR TRANSFERS—TIME OF PRESENTING.
   Where a passenger waited only 10 or 15 minutes for a street car on a line to which he had a transfer, and no car passed which he could board until 10 minutes after the time limit of the transfer, the company not maintaining its regular schedule, the limitation in the transfer was illegal as to him, so that a rule of the company requiring the refusal of the transfer if the time limit had expired when the passenger boarded the car was unreasonable and illegal.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1423, 1425; Dec. Dig. § 356.*]

   Goff, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Benjamin Daniel against the Brooklyn Heights Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Barnett E. Kopelman, for appellant.

George D. Yeomans (Francis R. Stoddard, Jr., of counsel), for respondent.

LEHMAN, J.   The plaintiff herein claims that he was assaulted by a conductor of the defendant.   He has brought an action in the Mu-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

nicipal Court against the defendant, not upon the theory of a tort action for assault and battery, but for a breach of an alleged contract made by the defendant to carry the plaintiff safely. It appeared at the trial from the plaintiff's testimony that he had paid his fare on the defendant's Flushing Avenue line, and had received a transfer ticket from the conductor valid on its face on a connecting line of the defendant only up to the hour of 2 p. m. He left the Flushing Avenue line at its intersection with the Crosstown line, and no Crosstown car which he could enter came along until 10 minutes past 2 p. m. He boarded that car. The conductor took his transfer, and after collecting a few fares returned to him and refused to accept the transfer, because the time limit had expired. There was some discussion as to the plaintiff's right to use the transfer, and finally the plaintiff told the conductor that he could do what he pleased about it, and the conductor then seized him and threw him off the car while it was in motion. Even if the conductor used more force than was necessary in ejecting the plaintiff, and thereby committed an assault, the plaintiff cannot recover in the Municipal Court, unless the assault was also a breach of contract to carry him safely to his destination. An unlawful assault or an insult to a passenger by the servant of a carrier is a violation of the carrier's contract by the very person whom it has employed to carry it out. Busch v. Interborough R. T. Co., 187 N. Y. 388, 80 N. E. 197. In this case the serious question is whether at the time of the alleged assault the plaintiff was in the position of a passenger, or whether the conductor by refusing to accept the transfer ticket had lawfully terminated the relation of passenger and carrier, and had then the right to eject the passenger from the car.

The plaintiff had paid the fare on the first car, and the defendant thereby agreed to carry him to his destination. He had received a transfer for use on the second car. He had boarded the second car and given up the transfer, which should have entitled him to be carried on that car according to the original contract. If the transfer was valid, he was entitled to be carried on that car, and was a passenger thereon, even though the conductor refused to receive it. Lewyt v. Dry Dock, E. B. & B. R. R. Co., 107 N. Y. Supp. 14, 56 Misc. Rep. 496; Berkelhamer v. Joline, 113 N. Y. Supp. 921. "If he had the right to be in that car without the payment of a second fare, then it was clearly unlawful for the defendant, through its servants, to eject him. * * *" Jenkins v. Brooklyn Heights R. R. Co., 29 App. Div. 8, at page 10, 51 N. Y. Supp. 216, at page 217.

It is true that the contract to carry a passenger safely arises only upon his express or implied acceptance as a passenger; but in this case the fare had been accepted, and a ticket had been given him as a token of his right to ride on the connecting line. He had entered the car with intent to give up this ticket, and he had actually delivered this ticket to the conductor, and if the ticket was valid the defendant became absolutely liable to carry him safely to his destination, without assault or insult on the part of its servants. Ray v. Cortland & Homer Traction Co., 19 App. Div. 530, 46 N. Y. Supp. 521. It therefore remains for us only to consider whether the ticket was a valid transfer ticket. I mean by the term "valid transfer ticket" a ticket which the

conductor could not refuse under the reasonable rules of the defendant, because, even if the defendant had entered into a valid contract for the carriage of the plaintiff, should the conductor have been justified under the reasonable rules of the defendant in refusing the ticket, then the plaintiff had no right to invite an assault by remaining in the car after he was requested to leave. Monnier v. N. Y. C. & H. R. R. R. Co., 175 N. Y. 281, 67 N. E. 569, 62 L. R. A. 357, 96 Am. St. Rep. 619; Townsend v. N. Y. C. & H. R. R. R. Co., 56 N. Y. 295, 15 Am. Rep. 419.

In the case of Jenkins v. Brooklyn Heights R. R. Co., supra, the Appellate Division of the Second Department decided that a limitation of time on a transfer ticket, where no car passed within that time in which the passenger could find a suitable place, was unreasonable, and the conductor had no right under such circumstances to eject a passenger offering a ticket upon which the time limitation had expired. In Eddy v. Syracuse Rapid Transit Company, 50 App. Div. 109, 63 N. Y. Supp. 645, the Appellate Division, Fourth Department, held that where the limitation on the transfer ticket had expired over an hour, but was due to an error on the part of the conductor punching the time, and the ticket was received without notice of the error by the passenger, and offered upon a connecting line within a few minutes thereafter, the rule of the company requiring the conductor to refuse such a ticket was unreasonable, although—

"street railroad companies should be permitted to make and enforce all reasonable rules, with respect to the use of transfers, that may be necessary to protect them against imposition and are consistent with the rights of the public. The rule limiting the use of the transfer to the next car is proper, if there be room on such car for the passenger to ride with reasonable comfort and safety. The rule with respect to the punching of transfers is reasonable, if due precautions be taken to insure its observance and application in such manner as to protect a passenger under circumstances such as are disclosed by this record."

In the case of Jacobs v. Third Avenue R. R. Co., 71 App. Div. 199, 75 N. Y. Supp. 679, the court held that the rule of refusing the ticket where the time limitation had expired over an hour was unreasonable, even where the mistake in punching the time was made, not by the defendant's servant, but by the servant of a connecting line, with which the defendant had only a traffic arrangement. These cases are decisive upon the point under consideration, and in fact go much further than we are required to go in holding that the refusal to accept the transfer in this case was unreasonable.

The respondent, however, claims that these cases have been overruled by the Monnier Case, supra. If there are dicta in that case which seem to be contrary to the decision in these cases, they cannot be considered as representing the careful opinion of the court. "While some expressions may be found in one of the opinions rendered for the majority of the court that a passenger must comply with the demands of the conductor, seeking redress subsequently by appropriate action, only three judges concurred in that opinion." Parish v. Ulster & Delaware R. R. Co., 192 N. Y. 353, at page 358, 85 N. E. 153, at page 154. The opinion in the later case was concurred in by all of the judges then sitting, and must therefore be considered the settled law

of the state. That case decided: First, that "the very foundation of our decision in the Monnier Case" was "that the conductor did not know and could not know the rights of the passenger"; second, that an unlawful limitation in a ticket is entirely void and must be disregarded.

In the case at bar the limitation in the transfer, with which the plaintiff could not comply because no car that he could enter passed within the time limited, was an illegal limitation. Jenkins v. Brooklyn Heights R. R. Co., supra. Therefore the rule of the company requiring such a transfer ticket to be refused by the conductor of the first car passing that point which the passenger was able to enter is both unreasonable and illegal. "A person who becomes a passenger in a public conveyance must subordinate his conduct to all rules that are reasonable and valid." Monnier v. N. Y. C. & H. R. R. R. Co., supra, 175 N. Y. 285, 67 N. E. 570, 62 L. R. A. 357, 96 Am. St. Rep. 619. But he need not subordinate his conduct to rules that are unreasonable or unlawful. If the plaintiff had knowingly accepted a transfer ticket with a time limitation which had already expired, it would have been a reasonable rule that a conductor should not accept such a ticket. In such a case "the plaintiff's ejection from the car was not consequent upon the wrongful act of the conductor who issued the transfer, but rather upon his own disregard of the defendant's rules, to which he as well as the conductor was subject." Nicholson v. Brooklyn Heights R. R. Co., 118 App. Div. 13, 103 N. Y. Supp. 310. Where, however, the plaintiff has received a ticket on which the time limit has not expired, the company, to justify its rule, must at least show that other cars, which the plaintiff could have taken, had passed the intersecting point. Moreover, it is by no means clear that any other car could have passed in the time limited; for the testimony of the defendant's dispatcher shows that the cars passed there at infrequent intervals, and that no car was due to pass there between 2:09 and 2:37 p. m.

Under the circumstances, I feel that this case falls within the rule of the Parish Case, and not that of the Monnier Case. The views that I have here expressed are not in conflict with the rule of law as set forth in Mr. Justice GOFF'S opinion. We differ only in the interpretation of the facts. I agree that the company could put a time limit on the transfer, but only if it used due efforts to have a car pass the intersecting point within the time limit. I find that the reasonable inference from the plaintiff's testimony is that he waited only 10 or 15 minutes for the car, and that no other car passed, which he could board, in the meanwhile; and I cannot find that the defendant conclusively showed either that the cars ran on a four-minute headway or that the company used any efforts to maintain its schedules.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

GIEGERICH, J., concurs.

GOFF, J. (dissenting). The plaintiff, upon paying his fare on defendant's Flushing Avenue street car line, received a transfer ticket

purporting to entitle the holder to ride to destination on defendant's Crosstown line, if presented at or before 2 o'clock p. m.; that hour being indicated by a hole punched in the ticket between the figures "1" and "3," in a series of figures running from 1 to 12. Plaintiff testified that he left the Flushing Avenue car at 15 minutes before 2 o'clock, and that he entered a Crosstown car at 10 or 15 minutes after 2. In another part of his testimony, he said that he waited for a car about 10 minutes. It does not appear otherwise whether a Crosstown car did or did not pass during that time, or, if such a car passed, whether it was or was not available; his only explanation being that "there was a big rain," and that "it was hard to get a car." The conductor of the Crosstown car took his transfer ticket, collected a few fares, and, returning immediately to plaintiff, told him that the ticket was invalid, because presented after the time limit had expired, and that he must pay his fare or leave the car. After some controversy, plaintiff told the conductor to do as he wished, when the latter seized plaintiff and threw him off the car, while in motion, with such force as to cause the injuries complained of.

The evidence discloses a cause of action in assault and battery, but plaintiff has framed his complaint in contract. The Municipal Court has no jurisdiction of an action of the former class, and has dismissed the complaint on the theory that there was no breach of contract. The question before us is the correctness of that ruling.

A carrier of passengers may lawfully make rules for the guidance of its conductors, and it has always been held, both in this and other jurisdictions, that it is reasonable to instruct them that passengers must pay fare on the car or present a ticket as evidence of such payment to the company. Monnier v. N. Y. C. & H. R. R. R. Co., 175 N. Y. 281, 67 N. E. 569, 62 L. R. A. 357, 96 Am. St. Rep. 619, and cases cited. Conflicts may and do arise between such a rule and the rights of passengers to be carried. In a case where a return trip ticket has been taken inadvertently by a conductor of a train out and the passenger is consequently without a ticket on the return trip, his right to ride without payment of fare conflicts with the conductor's duty to insist on payment of fare or presentation of a ticket. Which shall yield? May it be tried then and there by violence and disorder? It is impracticable for carriers to establish rules that conductors shall take evidence in such cases and constitute themselves judge and jury. In the interest of public order, the courts have held that the passenger, in such cases, must pay another fare on demand or leave the car quietly, afterwards resorting to the courts for redress to the amount of such damages as he has sustained, or for the penalty which the Legislature has thought shall be a sufficient deterrent to the carrier, when no damages have been suffered other than the loss of the amount paid as fare. Monnier v. N. Y. C. & H. R. R. R. Co., supra. If the rule were otherwise, and if it were the duty of street railway companies to accept the bare statement of passengers that the company was at fault, and, on such statement, to carry passengers to destination, a resort to the courts, on the part of the companies, to collect the small amounts involved would be futile. Of course, if a carrier knows, or has good reason to know, that

the passenger's statement is true, and that he is in the right, the rule is otherwise. Parish v. Ulster & D. R. R. Co., 192 N. Y. 353, 85 N. E. 153.

Was it a reasonable rule for this company to establish that its conductors should not receive transfer tickets after the expiration of the time limit? By section 101 of the Railroad Law (Laws 1890, c. 565) a street railway company is prohibited from charging any passenger—

"more than five cents for one continuous ride from any point on its road or any road, line, or branch operated by it, or under its control, to any other point thereof, or any connecting branch thereof, within the limits of any incorporated city or village."

It is manifest that the provision of the statute as to one continuous trip was intended for the benefit of the companies, and that it will be wholly ineffectual if the companies cannot place a time limit on the use of their tickets. A rule cannot be unreasonable which provides that such tickets shall not be received after the time limit has expired, providing, however, that sufficient time is given a holder to enter a car on the connecting line at the point of intersection before the time limit has been reached. In the present case the time allowance was 15 minutes. A longer time allowance would enable passengers to transact business at points of intersection of connecting lines and afterwards to take another trip. It would enable them, in effect, to take two trips, instead of the one continuous trip contemplated by the statute. It would afford an opportunity for passengers whose destinations were at or near the intersecting points to demand and receive transfer tickets which might be sold to others at a discount, and in that way to perpetrate fraud upon the companies to such an extent as to impair their legitimate income.

But, when the transfer tickets are limited in point of time, a duty devolved upon the carrier to so operate its cars on the connecting line that they will pass the point of intersection while the ticket is valid on its face. A single failure to operate its cars, when the carrier has taken reasonable measures that they shall be properly operated, does not make the rule unreasonable. Its reasonableness or unreasonableness must be considered with reference to the entire situation, the statutory and common-law duties of the carrier, its traffic at various points and hours of the day, and its effectiveness to best serve the whole public without infringing upon the carrier's right to earn a reasonable profit. The rule does not become unreasonable because one car may be delayed by some fortuitous circumstance. In Monnier v. N. Y. C. & H. R. R. R. Co., supra, the rule that a passenger must present a ticket or pay a fare somewhat in excess of the cost of a ticket was not deemed unreasonable because of the fault of the station agent, on this single occasion, in failing to keep the ticket office open one hour before the departure of the train, as was required by statute; and in Townsend v. N. Y. C. & H. R. R. R. Co., 56 N. Y. 295, 15 Am. Rep. 419, the rule that a passenger must present a ticket or pay fare was not deemed unreasonable because of the fault of the conductor of the outgoing train in taking up the return ticket.

This defendant had provided for cars to run on its Crosstown line

on a headway of four minutes. They were scheduled to pass the intersection of the Flushing Avenue line at 1:45, 1:49, 1:53, 1:57, and 2:01, so that it had prepared to give plaintiff sufficient time to enter any one of three, or possibly four, cars on the Crosstown line before his time limit expired. From these facts an inference may be drawn that the defendant had made a proper schedule and instructed agents to carry it into effect; in other words, and in the absence of evidence to the contrary, that defendant was reasonably diligent in making efforts to maintain proper schedules. If no cars actually passed during that time, or if all cars which passed during that time were filled, the rule of the company did not thereby become unreasonable. But neither fact is shown; the plaintiff merely testifying that he had waited 10 minutes for a car (although he elsewhere stated, in effect, that he waited 25 or 30 minutes) and that "it was hard to get a car."

I think the rule was reasonable, and that, when the conductor of the Crosstown car demanded that he pay his fare or leave the car, it was plaintiff's duty to leave quietly. The rule in Monnier v. N. Y. C. & H. R. R. R. Co., supra, imports into the contract of carriage an agreement or condition precedent that the intending passenger shall present to the conductor prima facie evidence of the contract. By failure to produce such evidence, the passenger himself breaks the contract or does not comply with its conditions. Plaintiff refused to pay his fare and produced no proper evidence to the conductor that he was not a trespasser. Under the company's rule, its conductor was entitled to treat him as if he had presented a transfer ticket not good on that line, in which case plaintiff would have been a trespasser, and not a passenger. Miller v. Brooklyn Heights R. R. Co., 127 App. Div. 197, 111 N. Y. Supp. 47. If more force was used in ejecting him than was necessary, his remedy is not in contract. Hibbard v. N. Y. & E. R. R. Co., 15 N. Y. 455.

Moreover, plaintiff has not shown that he was taking a continuous trip, which the company had contracted to give him; his evidence being, not that he had taken the first available car on the Crosstown line, but only that he waited 10 minutes for a car and that "it was hard to get a car." What he did during the other 15 or 20 minutes after he left the Flushing Avenue car and before he entered the Crosstown car does not appear.

Although the conductor took plaintiff's ticket and collected a few fares before advising plaintiff that it was invalid, such a taking did not constitute an acceptance until there was time for examination. The trial justice, in dismissing the complaint, found as a fact that the ticket was not accepted. The evidence is sufficient to justify the finding, and it should not be disturbed.

The judgment should be affirmed, with costs.