of such a structure as has been described would entail. If in the construction of its system of rapid transit the city finds it necessary to condemn private property for public use, and to acquire easements of light, air, and access appurtenant to such public use, the law has given to it adequate means through action by the Public Service Commission; but those means should be employed, and not avoided.

. [4] Little need be said with respect to the third point raised by the objecting owners, viz., that a large part of the area proposed to be assessed would not benefit by the proceeding. If the taking be lawful, the court cannot review the action of the board of estimate in fixing the area of assessment, unless the property assessed be not actually benefited by the taking. Norwood v. Baker, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443. As, however, I have tried to show that the proposed taking is unlawful, the persons sought to be assessed have a clear right to object to such assessment, and they may exercise that right by objecting to the institution of the proceeding, which will, if prosecuted, result in such an illegal assessment.

The application is denied, with $10 costs to each party appearing herein by separate attorney.

---

(88 Misc. Rep. 95)

### GOODMAN v. NEW YORK RYS. CO.

(Supreme Court, Appellate Term, First Department. December 24, 1914.)

1. CARRIERS (§ 267*)—RULES—CARRIAGE OF PASSENGERS—TRANSFERS.
    A passenger on a street railroad car is entitled to be carried to his destination by the most direct route; hence, where he was accepted on a short service car, which necessitated a transfer to a through car, the company cannot require him to transfer to a parallel line further over, except for some most cogent reason, and a mere statement that such requirement was to avoid congestion and for the convenience of passengers is no reason.
    [Ed. Note.—For other cases; see Carriers, Cent. Dig. §§ 994–996; Dec. Dig. § 267.*]

2. EVIDENCE (§ 164*)—HEARSAY.
    A foreman of a street railroad company cannot testify as to the rules regarding transfers.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 546, 547; Dec. Dig. § 164.*]

3. CARRIERS (§ 12*)—CHARGES—TRANSFERS—DUTY TO ISSUE.
    Under Railroad Law (Consol. Laws, c. 49) § 101, providing that only one fare shall be charged within the city limits for passage over the main line or any branch of a street railway, one accepted as a passenger on a short service car of a street railway company is ·entitled to a transfer to enable him to continue his journey over the company's lines.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 7–11, 15–20; Dec. Dig. § 12.*]

4. CARRIERS (§ 356*)—EJECTION FROM CAR—RIGHT OF ACTION.
    Where a passenger on a short service car was given a continuation transfer to which he was entitled, but was ejected from a following through car on the· ground that he had no right to a transfer, the pas-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

senger had a right of action for breach of contract, though the transfer received showed it was good only on a parallel line.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1409, 1410, 1423–1432; Dec. Dig. § 356.*]

5. CARRIERS (§ 267*)—RULES—"SHORT SERVICE CARS"—WHAT ARE.

A car running only a part of the way on the line of a street railroad company is a "short service car" where it was marked to that street only, notwithstanding there was a short spur at that street some 300 feet long, and the cars used this spur to turn to go back.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 994–996; Dec. Dig. § 267.*]

6. STIPULATIONS (§ 14*)—CONSTRUCTION—EFFECT.

Where the parties on a previous trial stipulated the amount of plaintiff's recovery, the stipulation is effective only as to that trial, and does not limit the damages on a subsequent trial.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. § 14.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Louis Goodman against the New York Railways Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Arthur Hutter, of New York City, for appellant.

James L. Quackenbush, of New York City (W. J. Sheils, of New York City, of counsel), for respondent.

BIJUR, J. A previous judgment, in favor of defendant, has been set aside by this court in 148 N. Y. Supp. 279. Plaintiff, at Thirty-Fourth street and Fourth avenue, boarded a south-bound Fourth Avenue car, intending to go to some point on Delancey, street (about one mile south of Eighth street). He asked for and received a transfer. He did not notice any destination sign on the car, and the conductor told him nothing in regard thereto. It was, in point of fact, an Astor Place car. When it reached Eighth street and Fourth avenue, and started to turn toward Broadway, plaintiff alighted and took the next through car of the Fourth Avenue line. The conductor of that car, however, told him that the transfer was not good thereon, and, as he refused to pay another fare, he was ejected.

[1, 2] As pointed out in our previous opinion, plaintiff was entitled to be carried to his destination by the most direct route operated by the defendant. Charbonneau v. Nassau Elec. R. R. Co., 123 App. Div. 531, 108 N. Y. Supp. 105. If, therefore, he had the right to further transportation southward, he was justified in his insistence on being carried by a Fourth Avenue car. Respondent, on the other hand, urges that it has a right to require passengers who board an Astor Place car to transfer to and go further south on Broadway (an avenue west of and parallel with the Fourth Avenue line), even though that be a more circuitous route to their ultimate destination. It is, I think conceivable that such a course might be excused by a due presentation of impelling circumstances and cogent reasons. Some evidence was of-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fered by respondent, and it is not clear whether this was intended to explain the transfer to Broadway, instead of to the Fourth Avenue through car, or to justify an absolute refusal to transfer from a "short service" to a Fourth Avenue through car. But in any event the testimony of a foreman (over due objection) as to an alleged rule of the company was incompetent, and the cryptic reason given by him—i. e., "to avoid congestion, for the convenience of passengers"—was valueless.

[3] The question, therefore, arises whether plaintiff had, under section 101 of the Railroad Law, the right to a transfer at Eighth street and Fourth avenue from this "short service" car to a through car on the same line. Although the case of Baron v. N. Y. City Rys. Co., 120 App Div. 134, 105 N. Y. Supp. 258 (First Department), did not turn ultimately or precisely on this point, four of the members of the court state clearly their respective opinions thereon to an extent which seems to me must determine our decision in the case at bar. Of the five learned Justices, Scott, J., with whom Clark, J., concurred, says that a passenger is entitled to a transfer from a "short service" car to a through car on the same line. Laughlin, J., with whom Lambert, J., agreed, was of opinion that a passenger was entitled to such transfer, unless he should have received actual notice of the intermediate destination of the car before his fare was accepted and have been given an opportunity to alight. In the case at bar, it is not even claimed that the destination of the car was actually made known to the passenger.

The authority of the Baron Case confirms my own view that under the circumstances of the case under review plaintiff was entitled to a transfer further south on the Fourth Avenue through car. I am inclined to believe that Roach v. Brooklyn H. R. R. Co., 119 App. Div. 520, 104 N. Y. Supp. 219 (Second Department), is a holding to the contrary; but, even if it be, it cannot affect our conclusions. There is an intimation in Braffett v. Brooklyn, etc., R. R. Co., 204 N. Y. 440, 443, 97 N. E. 888, that a passenger in a position similar to that of the plaintiff is entitled to a transfer; but neither the Braffett Case nor the cases which it cites, namely, Bull v. N. Y. C. R. R. Co., 192 N. Y. 361, 85 N. E. 385, 19 L. R. A. (N. S.) 778, and O'Connor v. Brooklyn H. R. R. Co., 123 App. Div. 784, 108 N. Y. Supp. 471, make express reference to a "short service" car.

[4] Respondent urges, also, that, as the transfer given to the plaintiff by the first conductor was, on its face, not good for a ride further south on the Fourth Avenue line, he was, in any event, not entitled to ride on the second car which he boarded, and that his recovery for breach of contract of carriage is thereby barred, whatever other remedy he may have. We need not decide whether the form of the transfer slip given to plaintiff sufficiently disclosed its alleged infirmity. See Charbonneau Case, supra, distinguishing Nicholson v. Brooklyn H. R. R. Co., 118 App. Div. 13, 103 N. Y. Supp. 310, and Weber v. Rochester, etc., Co., 145 App. Div. 84, 129 N. Y. Supp. 304. Transportation was not refused to the plaintiff merely because he failed to obey a reasonable regulation of the company, as in the Monnier Case, infra, and in Mullin v. Long Island R. R. Co., 136 App. Div. 733, 121 N. Y. Supp.

458. Plaintiff was ejected from the second car on the theory—which is now urged on this appeal—that he had no right to continue his journey thereon under any circumstances. But as he did have such right, it follows that he has a cause of action against the defendant for breach of contract of carriage. Monnier v. N. Y. C. & H. R. R. Co., 175 N. Y. 281, particularly at 288, 290, 67 N. E. 569, 62 L. R. A. 357, 96 Am. St. Rep. 619. It should be noted here again that there was no competent proof in the case at bar of any regulation of the company, and, of course, none as to the reasonableness of such regulation.

[5] Incidentally, respondent urges that this was not a "short service" car, for the reason that Astor Place is a separate terminal. I doubt whether, under the circumstances of this case, respondent's position would be bettered, even if that were so. But I do not think that the respondent can successfully maintain that the end of this short spur, some 300 feet long, is a separate terminal. Moreover, the very inscription on the car involved in this case, "Astor Place *Only*," indicates the respondent's own view of Astor Place, not as a terminal, but as a point on the line at which the cars are turned back—not going all the way along the line, but to Astor Place *only*.

As the determinative considerations hereinabove reviewed, and other points to which I have not adverted, were adequately presented at the trial below by due objections to evidence, exceptions to the charge, and requests to charge, the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

[6] One other point, urged by appellant, remains to be considered. Respondent's counsel, on the previous trial, had conceded, upon certain terms, that if judgment were rendered in favor of plaintiff the award of damages might be $500, and plaintiff appellant insists that such concession was binding upon the trial now reviewed. I think the stipulation, by its very terms, shows plainly that it was limited to the trial at which it was given, and is, therefore, no longer binding; but, even if that were not so, the court below at the present trial quite properly relieved the respondent from it.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.