(54 Misc. 549)

MEISE v. WACHTEL.

(Supreme Court, Appellate Term. June 6, 1907.)

TROVER AND CONVERSION—DESTRUCTION OF PROPERTY.

Where plaintiff delivered to defendant a horse of which defendant was the prospective purchaser for a preliminary trial, on an understanding that if the horse proved satisfactory defendant would pay the agreed price, and the horse during the period of the trial was accidently killed, a subsequent demand for the horse did not render defendant guilty of a conversion thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trover and Conversion, § 99.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Henry Meise against Frederick Wachtel. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Hillquit & Hillquit, for appellant.
Welch, Heine & Fall, for respondent.

FITZGERALD, J. Plaintiff was the owner of a mare, which he delivered to the defendant, an intending purchaser, for the purpose

of a preliminary trial, upon the agreement that if the animal proved satisfactory he (defendant) would pay the agreed price. It is conceded that within the period allowed for the trial the mare was accidently killed. The action was tried upon written pleadings, and the complaint sufficiently alleges causes of action in replevin and conversion, and judgment was rendered by the terms of which execution against the person might issue.

It was conceded that plaintiff delivered the mare to the defendant, so that no unlawful taking was established; and the undisputed evidence is that defendant was neither in possession of the property at the time of the demand, nor that he had voluntarily fraudulently or intentionally parted with the same, and consequently could not be chargeable with unlawful detention. Sinnot v. Feiock, 165 N. Y. 444, 59 N. E. 265, 80 Am. St. Rep. 736. The accidental destruction of the property while lawfully in the possession of a defendant is not a conversion. While it may constitute negligence, "the failure to deliver that which is not in being and cannot be delivered furnishes no evidence of an appropriation." Salt Springs Nat. Bank v. Wheeler, 48 N. Y. 492, 8 Am. Rep. 564. Irrespective of the character of the judgment rendered, the record conclusively shows that the question of negligence was not litigated, the learned trial justice having stated:

"All the plaintiff has to make is a demand, which is conceded, and he makes out a cause of action in conversion."

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.