the next day for the picture; that he sent an expressman for it within a day or two; that the expressman did not get it; and that he did not send again. A check for the $100 so paid to Mrs. Dunne was introduced in evidence. Mrs. Dunne herself testified that she sold the picture to plaintiff, through her daughter, to whom she gave directions for the sale, and who corroborates her statement, and admits receiving the $100 from the plaintiff. Even assuming that it was the intent of Mrs. Dunne to defraud her judgment creditors by selling the picture to plaintiff before it could be seized by the sheriff, still there is nothing to indicate knowledge of such intent on the part of plaintiff, who paid a valuable consideration for the picture. Upon the one side there is the statutory presumption of fraud, and on the other the testimony of the vendee and vendor tending to repel such presumption. A question of fact was therefore presented, which should have been submitted to the jury.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

(56 Misc. Rep. 498.)

BAUMSTEIN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. November 29, 1907.)

1. CARRIERS—STREET RAILROADS—ACTS OF CONDUCTOR—ASSAULT ON PASSENGER.

A carrier is absolutely liable as an insurer for injuries to a passenger from an aggravated assault perpetrated by the carrier's conductor, followed by the passenger's arrest.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1121–1123.]

2. COURTS—MUNICIPAL COURT—JURISDICTION.

The Municipal Court has jurisdiction of an action by a passenger on a street car against the carrier for an aggravated assault, followed by his arrest, committed and caused by the carrier's conductor.

3. CARRIERS—ASSAULT ON PASSENGER—PLEADING.

Where a complaint against a carrier for injuries to a passenger alleged the passenger's unwarranted arrest caused by the conductor, it was competent to show both the arrest and an unwarranted assault committed on the passenger by the conductor, though the complaint was silent as to the assault; it being within the power of the court to have ordered an amendment of the complaint to conform to the proof.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Max Baumstein against the New York City Railway Company. From a Municipal Court judgment dismissing plaintiff's complaint on the merits, he appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Morris Meyers, for appellant.
William E. Weaver, for respondent.

PER CURIAM. On April 3, 1906, plaintiff was a passenger on one of defendant's cars. At the time of paying the fare of himself

and one Lipman Kuku he requested the conductor to give him two transfers. This request was several times repeated. Instead of giving the transfers, the conductor assaulted both the plaintiff and Kuku, and, in the language of plaintiff, "he punched me off the platform and Lipman Kuku went down." The conductor, not content with the assault, caused both to be arrested and taken to the station house. After plaintiff proved his case, not alone by his evidence, but by the evidence of an eyewitness to the assault, a motion was made to dismiss the complaint upon the ground "that the plaintiff has not made out facts sufficient to constitute a cause of action." The motion was granted, and the complaint dismissed upon the merits.

The dismissal was unwarranted, and upon the established facts plaintiff was entitled to recover. A more flagrant violation of a duty owed by a carrier to a passenger could hardly be conceived. No attempt was made to contradict the evidence offered. The assault, according to plaintiff's story, was an aggravated one, followed by his arrest, and upon what theory it was determined that for the indignities inflicted upon him the defendant could not be held does not appear. In Busch v. Interborough R. T. Co., 187 N. Y. 388, at page 392, 80 N. E., at page 198, the court, quoting from Thompson on Negligence, said:

"A carrier is liable absolutely as an insurer for the protection of a passenger against assaults and insults at the hands of his own servants, because he contracts to carry the passenger safely and to give him decent treatment en route. Hence an unlawful assault or an insult to a passenger by his servant is a violation of his contract by the very person whom he has employed to carry it out."

And in that case it was ruled that the Municipal Court had jurisdiction of such an action. While the complaint is silent as to the assault, the proof is clear on the subject, and it was competent to show both the assault and arrest under the allegations of the complaint. If the complaint was dismissed, because in the court's view the arrest and malicious prosecution alone were made the issuable fact, it was within its power to have ordered an amendment to conform to the proof, so as to promote substantial justice. The dismissal of the complaint cannot be sustained.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.