equitable. Heyward v. Maynard, 119 App. Div. 66, 103 N. Y. Supp. 1028.

Defendant on the trial sought to introduce evidence as to the nature and extent of his counterclaim, which evidence was excluded by the court, and an exception taken. The exclusion of this evidence was error and prejudicial to defendant.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

(129 App. Div. 527.)

### ROTHSTEIN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. COURTS (§ 188*)—JURISDICTION—MUNICIPAL COURT—ASSAULT AND BATTERY.

> Under Municipal Court Act (Laws 1902, p. 1489, c. 580), § 1, subd. 14, giving that court jurisdiction of actions for damages for personal injuries, excepting actions for assault and battery, the Municipal Court has no jurisdiction of an action for injuries from being struck by a street car conductor while riding on the car, unless plaintiff was a passenger, as otherwise the action would be for assault and battery, and it was error to permit a recovery if he was a trespasser.

> [Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. § 188.*]

2. CARRIERS (§ 310*)—PASSENGERS—WHO ARE PASSENGERS—TRESPASSERS.

> A trespasser on a street car cannot be a passenger, and an assault on him by the conductor is not a breach of contract of carriage.

> [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 310.*]

> Gaynor, J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Charles Rothstein against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Francis R. Stoddard, Jr., for appellant.
Charles Liebling, for respondent.

HOOKER, J. The complaint alleges a breach of contract, in that, while plaintiff was a passenger upon defendant's street car, the defendant disregarded its obligation to carry plaintiff safely, when its conductor, without warrant, struck him in the face and otherwise maltreated him and kicked him off the car. If the judgment was for the cause of action named in the complaint, based on the fact that the plaintiff was a passenger, the Municipal Court had jurisdiction to render it. If the plaintiff was not a passenger, however, then the cause of action was for assault and battery, and of this the Municipal Court had no jurisdiction. Municipal Court Act (Laws 1902, p. 1489, c. 580), § 1, subd. 14. To sustain the judgment in this case, it

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

must appear that the plaintiff was a passenger. If he was not a passenger, he was a trespasser, and, if a trespasser, the action was for assault, of which the trial court had no jurisdiction. If the plaintiff was a trespasser, he could not have been a passenger, and hence there could have been no contract of carriage. Miller v. Brooklyn Heights Railroad Co., 127 App. Div. 197, 111 N. Y. Supp. 47.

The trial court, however, erred in permitting the jury to predicate a verdict upon the theory that excessive violence was employed by the conductor in ejecting the plaintiff as a trespasser. During the course of its charge the following statement was made to the jury:

"Now, the paramount question that appeals to you for your consideration is, even if you reach the conclusion that the plaintiff was a trespasser, based upon the testimony as you heard it, what amount of care was used here by the conductor, if you believe the testimony of the plaintiff? In other words, did the conductor use reasonable force, or did he use violence?"

Counsel for defendant excepted to this portion of the charge and then requested the court to charge that the jury, before they could find a contract of carriage, must find that the plaintiff tendered himself as a passenger, and that the defendant accepted him as such. The court said:

"I so charge you, and I reiterate what I said on the questions as to trespass: If you find that he was a trespasser, even then it was the duty of the conductor to use reasonable force, but not violence, and that you are the sole judges of the facts as to whether he, the conductor, did use reasonable force, and not violence, as you heard the testimony here, if you believe the plaintiff."

This was wrong. The plaintiff could not be a passenger and a trespasser at the same time. The jury were permitted to find by this charge that he was a trespasser, and, if they so found, their verdict was based upon an assault and battery, and not upon a breach of contract. Miller v. Brooklyn Heights Railroad Co., supra.

For this error the judgment must be reversed, and a new trial ordered; costs to abide the event. All concur, except GAYNOR, J., who dissents.

GAYNOR, J. (dissenting). I think the action is for a battery, in which case the court had no jurisdiction. There is a contract, to be sure, to use lawful care to carry safely, but a willful battery is not negligence, and is outside of the contract; as though a landlord should enter and batter his tenant. The lease bound him not to disturb the tenant's quiet enjoyment, but the battery was primarily a battery, nevertheless, and not a breach of contract. This case is not like the case of a passenger being battered by another passenger, or by any third person, and the employés of the company suffering it. That would be a breach of contract; but here the battery was by the defendant.