## EPSTEIN v. GORDON et al.

(Supreme Court, Appellate Term. January 15, 1909.)

1. MASTER AND SERVANT (§ 332*) — INJURY TO THIRD PERSON — EMPLOYÉ'S SCOPE OF AUTHORITY—JURY QUESTION.

Whether one was acting within the scope of his authority as a theater usher and employé of defendants when he assaulted plaintiff and caused his false arrest, *held*, under the evidence, a jury question.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1275; Dec. Dig. § 332.*]

2. TRIAL (§ 149*)—FAILURE TO ASK DIRECTED VERDICT—EFFECT.

Defendants conceded that there was a jury question by failing to move for a directed verdict.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 345; Dec. Dig. § 149.*].

3. MASTER AND SERVANT (§ 330*)—THEATERS—WRONGFUL ACTS BY USHER— EVIDENCE—SUFFICIENCY.

Evidence *held* to sustain a verdict for plaintiff in an action for defendant theater lessees' usher's wrongful acts in assaulting plaintiff and causing his false arrest.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1272; Dec. Dig. § 330.*]

4. APPEAL AND ERROR (§ 884*)—REVIEW—QUESTIONS NOT RAISED BELOW.

Since a party cannot assert for the first time on appeal that adoption of a particular theory at the trial was error, where he acquiesced therein, and a question not raised below will not be considered on appeal, defendants cannot complain of a refusal of a nonsuit because the verdict was based on a cause of action not pleaded, where so far as the record shows the pleadings were treated as sufficient to sustain the cause of action upon which plaintiff recovered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3612; Dec. Dig. § 884.*]

5. MASTER AND SERVANT (§ 300*)—THEATERS—WRONGFUL ACTS OF USHER— EMPLOYERS' LIABILITY.

Though lessees of a theater are not liable as original joint tort-feasors for wrongful acts of their usher in assaulting a patron, where neither personally participated in the misconduct, they are liable as the usher's employers.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1209; Dec. Dig. § 300.*]

Appeal from City Court of New York, Trial Term.

Action by Sam Epstein against Jacob Gordon and another. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Charles Dushkind (Abraham H. Sarasohn, of counsel), for appellants.

Goldsmith & Rosenthal (Milton M. Goldsmith, of counsel), for respondent.

GILDERSLEEVE, P. J. The pleadings and the proof, as treated by the court below and the learned counsel for both parties, presented

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

but one issue for determination, viz.: Was the defendants' usher, Jacob Traup, who was concededly foremost in the commission of the alleged wrongful acts, acting within the scope of his authority as an usher and employé of the defendants in the defendants' theater at the time of the occurrence in question? The complaint alleges an unlawful assault upon the plaintiff while in the defendants' theater. The defendants, in one of their separate defenses, allege that at the time in question the plaintiff committed a breach of the peace, and that the acts of which the plaintiff complains consisted of one of the defendants' employés quietly laying his hands upon the plaintiff to prevent him from continuing such breach. There is no evidence whatever of any improper conduct on the part of the plaintiff. The undisputed evidence shows that the plaintiff attended said theater, accompanied by his wife, having previously obtained tickets for which he paid; that the tickets were received at the entrance, and the coupons separated therefrom and returned to the plaintiff; that said coupons were duly presented to an usher named Joseph Traup, whose duty it was to peaceably escort the plaintiff and his wife to the seats designated upon said coupons; that the plaintiff was sent from aisle to aisle, back and forth, until the said Traup called him vile names, took hold of his coat, and dragged him into a small office, struck him, caused his arrest and imprisonment in a station house, and appeared against him in the police court, accusing him of disorderly conduct, where he was discharged. Upon this evidence the jury found that the defendants were liable.

It will be observed that it is not denied that Traup, at the time he committed the alleged wrongful acts, was a servant of the defendants; that no justification for said acts was shown; that neither Traup nor other ushers present at the occurrences, as testified to by plaintiff and his wife, were called as witnesses for the defense. We repeat, but one issue was tendered, viz.: Was Traup acting within the scope of his employment, or acting outside of it to effect some purpose of his own? One of the defendants testified that the duties of the ushers were "to receive the tickets and show the people to their seats." This is exactly the service the proof shows Traup was engaged in doing. He was undertaking to discharge a duty imposed upon him by the defendants, and in the performance of that duty he was guilty of violence and abuse that inflicted injury upon the plaintiff. The question was plainly one for the jury. Sharp v. Erie R. R. Co., 184 N. Y. 100, 76 N. E. 923. The defendants took no exception to the denial of their motion to dismiss at the close of the entire case, nor did they move for the direction of a verdict, thereby conceding there was a question for the jury. It was properly submitted, and the verdict was fully justified by the evidence and the law. The alleged errors committed in the charge to the jury were not excepted to at the trial, and are not of sufficient importance to require discussion.

It is urged on the appeal, that the trial court erred in refusing to direct a nonsuit, for the reason that the verdict is based upon a cause of action essentially differing from the one alleged in the complaint. The attention of the trial judge was not expressly called to this point.

It was not specifically raised upon the trial, and, so far as the record shows, the pleadings were treated as sufficient to sustain the cause of action upon which the plaintiff recovered. The rule is that a party who has acquiesced in the trial of an action upon a certain theory will not be heard to assert for the first time on appeal that there was error in adopting the theory he assisted in establishing as the law of the case, and that a question which was not raised on the trial will not be considered for the first time on appeal. National Society, etc., v. American Surety Co., 56 Misc. Rep. 627, 107 N. Y. Supp. 820 (Appellate Term), and cases there cited. Had an amendment been asked, it might very well have been conceded by the defendants, since the defendants, if liable at all, are, upon the evidence disclosed, jointly liable as lessees of the theater, to which they invited the plaintiff, and as the employers of the usher Traup.

It is true that there is no proof tending to show that the defendants, or either of them, in any way personally participated in the misconduct complained of, and neither of them can be held liable as original tort-feasors; but this fact does not relieve them from their liability as employers of the usher, Traup.

We find nothing in the record of the trial prejudicial to the defendants.

Judgment affirmed, with costs. All concur.