SAMUEL BLOCK, Respondent, *v*. THE NASSAU ELECTRIC RAILROAD COMPANY, Appellant.

(Supreme Court, Appellate Term, July, 1910.)

Assault and battery — Civil liability — What constitutes assault.
Carriers — Carriage of passengers — Contract for transportation — In general — Contract depending on payment of fare.
Municipal courts — Jurisdiction — Municipal Court.

> A cause of action against a street railway company for an assault by the conductor of a street railway car upon one who has not paid his fare and become a passenger is not an action for the breach of a contract of carriage but is for an assault; and the Municipal Court of the city of New York has no jurisdiction of such an action.

APPEAL by the defendant from a judgment in favor of the plaintiff, rendered in the Municipal Court of the city of

New York, second district, borough of Manhattan, after a trial before the court and a jury.

George D. Yeomans (Mr. Carpenter, of counsel), for appellant.

Mortimer Solomon, for respondent.

BIJUR, J. The complaint is drawn for damages *for breach of contract* of carriage, arising out of an assault by defendant's conductor while plaintiff was a passenger. Aside from disputed questions of fact as to provocation and self-defense, and the payment of fare, the judge charged that plaintiff could recover, even if he had not paid his fare but refused to pay it, if the conductor exercised unreasonable force in his attempt to eject the passenger. To this the defendant duly excepted and requested the judge to charge that, in order to warrant a recover upon contract, the jury must find that the plaintiff paid his fare, which the judge refused to do. The exception was well taken. Rothstein v. Brooklyn Heights R. R. Co., 129 App. Div. 527. Unless plaintiff paid his fare, he was a trespasser; for there could be no contract of carriage upon the refusal of plaintiff to pay any fare. In such case the action would be for assault, over which the Municipal Court has no jurisdiction. Mun. Ct. Act, § 1, subd. 14.

SEABURY and GUY, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.