The judgment and order appealed from should be affirmed, with costs.

Judgment and order affirmed, with costs.

---

(92 Misc. Rep. 716)

### LEVINE v. KAUFMAN.

(Municipal Court, Borough of Manhattan, Second District. December 10, 1915.)

EXECUTION ⬤⟹425—BODY EXECUTION—ACTIONS IN WHICH AUTHORIZED—"IN-JURY TO PROPERTY."

Municipal Court Code (Laws 1915, c. 279) § 135, provides that in a case where the defendant may be arrested the execution may direct the officer, if sufficient property to satisfy it cannot be found, to arrest the defendant. Section 29 authorizes defendant's arrest in any case in which he might be arrested, were the action brought in the Supreme Court. Code Civ. Proc. § 549, subd. 2, authorizes defendant's arrest in actions for damages for an injury to property, and section 3343, subd. 10, defines an "injury to property" as an actionable act whereby the estate of another is lessened, other than a personal injury or breach of a contract. *Held* that, as a bailment is a contract, a bailee, sued for negligently delivering the property to a person other than the bailor, cannot be arrested, and hence no body execution can be issued.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1224–1228; Dec. Dig. ⬤⟹425.

For other definitions, see Words and Phrases, First and Second Series, Injury to Property.]

Action by William Levine against Jacob Kaufman. On motion to modify judgment for plaintiff. Motion denied.

Abraham H. Sarasohn, of New York City, for plaintiff.
H. B. Davis, of New York City, for defendant.

OPPENHEIMER, J. The defendant was engaged in business and maintained an establishment at the seashore, for the accommodation of persons who desired to bathe, where for a certain consideration the defendant let out bathing suits and at the same time took charge of the wearing apparel, money, and valuables of the bather during the time the bathing suit was being worn. The plaintiff delivered to the defendant the sum of $43 in cash and one diamond ring, alleged to be of the value of $60. At the request of the defendant's servant, the plaintiff mentioned his name to her, who wrote it on an envelope, into which the money and the ring were placed. When the plaintiff demanded the return of the said personal property, the defendant's servant could not comply with the request, but through the gross negligence of the said servant the personal property was handed over by her to a stranger, who mentioned the plaintiff's name to the said defendant's servant. Judgment was rendered in favor of the plaintiff. A motion is now made by the plaintiff's attorney for a modification of the judgment, by adding thereto that the defendant is liable to arrest and imprisonment in this case.

On the trial before me without a jury, the plaintiff was represented by a young attorney employed by the plaintiff's attorney of record. The action was brought for conversion. When the attorneys appeared before me, I asked them, as is my custom in nearly every case, for a brief opening, so that I could ascertain exactly what the issues were. From the remarks of the attorney for the plaintiff, I could clearly see that the defendant had not assumed control over the personal property of the plaintiff, and consequently was not guilty of conversion. I stated that the defendant was merely a bailee. I then said to the young attorney who tried this case for the plaintiff: "I presume you brought this case for conversion in order to obtain a body execution?" And he answered: "Yes." I said that I could dismiss his complaint, as this action was merely one of bailment, and not conversion. See definition of "Conversion" in Bouvier's Law Dictionary; also Meise v. Wachtel, 54 Misc. Rep. 549, 104 N. Y. Supp. 915. He then agreed with the defendant's attorney in court not to ask for a body execution, provided the defendant's attorney would consent to the substitution of an action for bailment instead of for conversion. Of course, in the action on bailment, the summons was not modified by adding thereto: "Defendant is liable to arrest and imprisonment in this case."

Now the plaintiff's attorney wishes to repudiate the stipulation entered into in court. There are additional reasons for denying this application, so strongly insisted upon by the attorney of record for the plaintiff. Section 135 of the Municipal Court Act substantially states that an execution against the person may be issued where the defendant may be arrested. Section 29 of the said act says that the defendant may be arrested in any case in which he might be arrested were the action brought in the Supreme Court. Section 549, subd. 2 (Code Civ. Proc.), applicable to the Supreme Court, among other things, states that the defendant may be arrested for an injury to property. The plaintiff's attorney claims that because I held that the defendant was guilty of negligence, and rendered a judgment against him, he

may be arrested as a tort-feasor; in other words, that the defendant injured the property of the plaintiff.

Section 3343, subd. 10, defines what is meant by "injury to property." It is "an actionable act whereby the estate of another is lessened, other than a personal injury, or breach of a contract." I think the comma after the word "injury" is superfluous and improper. Therefore, if the defendant was guilty of a breach of contract, he cannot be arrested. A bailment is a contract, and the defendant was guilty of a breach of it. His negligence constituted the breach. In the case of Davids v. Railroad Co., 104 App. Div. 25, 93 N. Y. Supp. 286, Justice Hirschberg, writing the opinion for the court, says:

"It follows that an arrest may be lawful where the action is for injuries resulting from either negligence or assault."

And on page 26 of 104 App. Div., on page 287 of 93 N. Y. Supp., he says that the arrest may be for constructive negligence. It must be borne in mind that the said justice construed subdivision 9 of section 3343, and not subdivision 10. This case was affirmed by the Court of Appeals. 182 N. Y. 526, 74 N. E. 1116.

It is an anomalous situation in the law that, if that case had been brought in the City Court of the City of New York for assault, the defendant could have been arrested, but, if Mr. Davids had sought a remedy in the Municipal Court upon the same state of facts, he could not have had the defendant arrested, or a body execution issued against him. (In that case Judge Hirschberg says that a body execution may be issued even against a corporation, though impossible of enforcement.) On the facts in the Davids Case an execution against the person could not issue in the Municipal Court, as this court has no jurisdiction in actions for assault, but the action would be only for breach of contract against the railroad company. See section 6 of the Municipal Court Act; also the following cases: Busch v. Interborough Rapid Transit Co., 110 App. Div. 705, 96 N. Y. Supp. 747; 187 N. Y. 388, 80 N. E. 197, 10 Ann. Cas. 460; Baumstein v. N. Y. City Ry. Co., 56 Misc. Rep. 498, 107 N. Y. Supp. 23; Schwartz v. Interborough R. T. Co., 53 Misc. Rep. 289, 103 N. Y. Supp. 80; Aaron v. Ward, 203 N. Y. 351, 96 N. E. 736, 38 L. R. A. (N. S.) 204; Block v. Nassau E. R. R. Co., 68 Misc. Rep. 320, 123 N. Y. Supp. 949.

The arrest and imprisonment of defendants who are guilty of negligence is not so much on account of any laxity in the transaction of their business, but for the reason that they cannot pay the judgments rendered against them. It is a penalty imposed upon poverty. I do not believe that the Legislature intended that the defendant may be arrested in a case where he has been guilty of negligence as a bailee. Courts, in interpreting statutes, should give them a broad, reasonable and humane construction.

I will deny the motion, with $10 costs to the defendant.