ANNA O'CONNELL, Individually and as Guardian ad Litem of THOMAS O'CONNELL, an Infant, Plaintiff, *v.* JOSBER BUILDING CORPORATION, Defendant.

Municipal Court of New York, Borough of Bronx, Second District, January 25, 1938.

*Irving I. Erdheim*, for the plaintiff.

*William J. Tropp* [*Maurice Borowsky* of counsel], for the defendant.

LEVY, J. In the oral complaint the infant plaintiff seeks to recover damages for personal injuries sustained by him " by reason of the negligence of the defendant, its agents, servants and / or employees without any contributory negligence on the part of the plaintiff." The plaintiff's bill of particulars specifies the alleged negligence to be that the defendant's employee chased the infant plaintiff away from the front of the premises 2343 Valentine avenue, Bronx, which was owned, operated and controlled by the defendant.

The facts, as proved upon the trial, were that while the infant plaintiff, a resident of a nearby building, was standing or playing with other children on the sidewalk in front of the defendant's premises the defendant's janitor chased the infant plaintiff away, grabbed him by the shoulder and struck him in the mouth.

There is some question as to whether these acts of the janitor are within the scope of his authority. The plaintiff relies upon *Epstein* v. *Gordon* (114 N. Y. Supp. 438); *Kurland* v. *Roche* (165 id. 807); *Curran* v. *Buckpitt* (225 App. Div. 380). The defendant cites *Muller* v. *Hillenbrand* (227 N. Y. 448); *Zucker* v. *Lannin Realty Co.* (217 App. Div. 487); *Mali* v. *Lord* (39 N. Y. 381); *Taylor* v. *Erie R. R. Co.* (268 id. 711).

In my view of the issues, I need not pass upon the responsibility of the defendant for this act of its janitor. The cause of action here disclosed, if any, is not within the competence of the Municipal Court.

" The Municipal Court of the City of New York shall have jurisdiction * * * of * * * an action to recover damages * * * for a personal injury * * * except actions to recover damages for assault, battery." (Mun. Ct. Code, § 6, subd. 1. See *Miller* v. *Brooklyn Heights R. R. Co.*, 127 App. Div. 197; *Brown* v. *Brooklyn, Queens County & Suburban R. R. Co.*, 136 id. 690; *Rein* v. *Brooklyn Heights R. R. Co.*, 47 Misc. 675; *Rothstein* v. *Brooklyn Heights R. R. Co.*, 129 App. Div. 527.)

As I see it, the present is an action for assault and battery, not negligence. There is no allegation or proof that the defendant

harbored or employed a dangerous person as janitor. There is no proof of any negligent act on the part of the defendant or, for that matter, of its employee. The janitor's acts here complained of were not careless; they were willful.

In the circumstances I am constrained to dismiss the complaint for lack of jurisdiction, and without prejudice to the institution of such action as the plaintiffs may be advised in the proper forum.