Verinda Brown, in Her Own Behalf and in Behalf of All Other Members of the Father Divine Peace Mission, Similarly Situated, Plaintiff, and Verinda Brown, Individually, Respondent, *v.* Father Divine, Individually, Appellant.*

First Department, November 1, 1940.

*Edward Potter* of counsel [*Michael Potter* with him on the brief; *Potter & Potter*, attorneys], for the appellant.

*William W. Lowell,* for the respondent.

Per Curiam. We believe that facts sufficient to sustain the cause of action in equity are to be found in this record. In addition to the reasons assigned by the trial justice, it should be noted that the defendant failed to set forth facts in his answer showing that an adequate remedy at law existed. In *Baron* v. *Korn* (127 N. Y. 224) Judge Parker said in part: " If the question whether the plaintiff ought to have been required to establish his title in an action at law were properly reviewable here, it need not be considered, because the defendant did not, by his answer, object that the plaintiffs had an adequate remedy at law. After parties have submitted to the jurisdiction of the court, the plaintiff will not be turned out to seek his remedy elsewhere, when the objection is taken for the first time at the trial." Again in *Bloomquist* v. *Farson* (222 N. Y. 375) Judge Crane wrote in part: " The complaints having alleged causes of action in equity and the proof offered having established facts which justified equitable relief, an adequate remedy at law could not be urged as a defense unless pleaded. Such objection cannot be raised for the first time on motions to dismiss."

* Affg. 173 Misc. 1029.

The judgment so far as appealed from should be affirmed, with costs.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Judgment, so far as appealed from, unanimously affirmed, with costs.