In the Matter of the Application of VERINDA BROWN, Judgment Creditor, for the Issuance of an Execution against the Person of FATHER DIVINE, Also Known as MAJOR J. DIVINE and REV. M. J. DIVINE, Judgment Debtor.*

Supreme Court, Special Term, New York County, February 28, 1941.

*William W. Lowell*, for the judgment creditor.

*Jacob Shientag*, for the judgment debtor

McCOOK, J. Motion for an order for execution against the person of the judgment debtor. Execution against his property, previously issued to the sheriff of the county, has been returned unsatisfied.

It is argued that this court lacks power to make an order of arrest of this judgment debtor because the findings of the trial court are silent as to embezzlement, fraud, misapplication or any other wrong. This does not follow. The opinion of DINEEN, J., said, among other things: " * * * she entrusted to him, [Father Divine] over a period of years, the sum of $3,937.02," and again, " * * * he must be held liable to respond to plaintiff as a constructive trustee." (173 Misc. 1029; affd., 260 App. Div. 443; leave to appeal to Court of Appeals denied, Id. 1006.) Subdivision 7 of section 826 of the Civil Practice Act needs only abbreviation to make its application clear. It permits the arrest of a defendant " To recover for money received * * * where it is alleged in the complaint that the money was received * * * by a * * * person in a fiduciary capacity."

There can, therefore, be no doubt of the power of the court to direct the arrest of the judgment debtor in this case; the sole question is one of discretion.

In a preliminary stage (*Brown* v. *Father Divine*, 163 Misc. 796; affd., 254 App. Div. 671) it appeared, by affidavits and oral testimony at that time, and has more recently appeared through evidence

---

* Affd., 262 App. Div. 841.

on the trial presided over by Mr. Justice DINEEN, that this judgment debtor has collected very large sums of money from his followers over a period of many years. I cannot doubt that in some fashion, best known to himself and his circle of advisers, these funds have been kept by him, or preserved by himself and others for him, through investment in real estate and otherwise, or employed in the uses of the cult of which he is the head and undisputed dictator.

Were this a poor preacher, I might be disinclined, in the exercise of discretion, to authorize so drastic a remedy as civil arrest. Being convinced, however, that he has access to money or property sufficient to satisfy his creditors, but has succeeded in evading collection of his debt, a quite different situation is presented. The ends of justice in this event require that every weapon of the law be employed to prevent continued flouting of the mandate of the court. Should the judgment debtor prefer to go to jail, rather than submit and pay, that will be his affair.

Motion granted. Settle order.