In the Matter of the Arbitration between MAURICE BLOCK, Petitioner, and MANFRED WEISS et al., Respondents.

Supreme Court, Special Term, Nassau County, May 15, 1951.

*Samuel Schaeffer* for petitioner.

*Milton E. Goldman* for respondents.

HALLINAN, J. This is an application under subdivision 5 of section 505, and subdivisions 3 and 7 of section 826, of the Civil Practice Act for an order directing that a judgment confirming an arbitrators' award be enforced by execution against the person of the respondent Weiss.

Petitioner correctly contends that the above-mentioned provisions of the Civil Practice Act are applicable to a judgment confirming an award of arbitrators. (Civ. Prac. Act, § 1466; *Matter of Hunter [Proser]*, 274 App. Div. 311, affd. 298 N. Y. 828.) He also contends, correctly, that the refusal of the court which directed the entry of the judgment confirming the award to include in that judgment a provision to the effect that the judgment might be enforced by execution against the person of respondent Weiss, or, in the alternative, a provision to the effect that the judgment might be so enforced after an execution against the property of said respondent had first been issued and returned unsatisfied, is not *res judicata.* (Civ. Prac. Act, §§ 646, 766; *Brown* v. *Father Divine*, 173 Misc. 1029, affd. 260 App. Div. 443, motion for leave to appeal denied, 260 App. Div. 1006.)

Nevertheless, this court does not, under the circumstances here presented, believe that the petitioner is entitled to the relief he seeks. The requirements of subdivision 5 of section 505 of the Civil Practice Act have clearly not been met. Even if it be assumed that respondent Weiss was, in the language of that statute, ''a person acting in a fiduciary relationship,'' the judgment, so far as appears, does not require him ''to pay a sum of money for a *wilful* default or dereliction of his duty.'' (Emphasis supplied.) Nor have the requirements of subdivisions 3 and 7 of section 826 been met. Petitioner, in his demand for arbitration, included the following:

''Claim Or Relief Sought: (amount if any)

''1. That the respondent has failed to account for the assets of Tobyshire Ltd.

''2. Has fraudulently disposed of and/or concealed and secreted assets of Tobyshire Ltd.

''3. Has failed to pay certain obligations of the claimant pursuant to said agreement and also failed to pay moneys due him thereunder.''

The award of the arbitrators, in pertinent part, simply provided that ''MANFRED WEISS AND TOBYSHIRE, LTD., shall pay to

MAURICE BLOCK the sum of Eleven Thousand, Three Hundred Dollars ($11,300.00). This award is in full settlement of the claim submitted to arbitration.''

Whether that award was made upon proof of the fraud charged in petitioner's second claim is speculative. Yet subdivision 7 of section 826 of the Civil Practice Act expressly provides that where an allegation thereunder is made "the plaintiff cannot recover unless he proves the same on the trial of the action." Whether the petitioner proved the fraud charged upon the hearing before the arbitrators is not for this court to say. It may well be that the award was based upon petitioner's third claim, i.e., for breach of contract, and not upon fraud. Under such circumstances the court will not authorize the issuance of a body execution, a most drastic remedy. The inapplicability of subdivision 3 of section 826 of the Civil Practice Act becomes apparent when the words "injury to property" contained therein are used as defined in section 25-a of the General Construction Law, to wit: " 'Injury to property' is an actionable act, whereby the estate of another is lessened, *other than* a personal injury, or *the breach of a contract.*" (Emphasis supplied.) Since the "injury to property" of the petitioner arose out of respondent's " breach of a contract ", subdivision 3 of section 826 is here inapplicable. (Cf. *Levine* v. *Kaufman,* 92 Misc. 716.)

A further ground may be advanced for denying petitioner's application. The demand for arbitration, treated as a complaint, joins different causes of action (or, at least, different claims) not all of which authorize the granting of a body execution. Under those circumstances such an execution may not issue. (*Dwork* v. *Cohen,* N. Y. L. J., June 23, 1950, p. 2235, col. 2; 5 Carmody on New York Practice, § 1689.)

In view of the foregoing, the application is denied.

Settle order.